# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3895

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Timothy James Dowdle, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: June 22, 2000

Filed: June 30, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Timothy James Dowdle was in state custody on commercial burglary and theft of property charges when he was indicted on a federal possession of stolen mail charge. Dowdle pleaded guilty to the federal charge and was sentenced to twenty-four months imprisonment and three years supervised release. After the federal sentencing, Dowdle pleaded guilty to the state charges and was sentenced to five years to run concurrently with the federal sentence. The state judge made a notation on Dowdle's criminal docket sheet that the state relinquished custody of Dowdle to the federal Bureau of Prisons (BOP). When the BOP refused to accept custody, Dowdle filed a motion

asking the federal district court to determine whether he was in federal or state custody. The district court found that the state judge's notation on Dowdle's docket sheet validly relinquished the state's custody and that the BOP had primary custody of Dowdle for the duration of his federal sentence. The Government appeals, arguing the state judge lacked authority to relinquish state jurisdiction over Dowdle. We agree. As the sovereign that first arrested Dowdle, the state had primary jurisdiction which it could "elect under the doctrine of comity to relinquish [] to [the United States]," but the "discretionary election is an executive, and not a judicial, function." United States v. Warren, 610 F.2d 680, 685 (9th Cir. 1980); accord Ponzi v. Fessenden, 258 U.S. 254, 261-62 (1922). Because the state's jurisdiction was relinquished by a state judge, rather than the prosecutor or a representative of the state executive branch, the relinquishment was ineffective and Dowdle's status as a state prisoner was unchanged. See Ponzi, 258 U.S. at 261-62 (in federal system, power and discretion to practice comity vested in Attorney General); Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir. 1992) (per curiam) (state sentencing judge's authority limited to sending defendant to state prison); cf. 18 U.S.C. § 3623 (1994) (federal Bureau of Prisons may transfer federal prisoner to state for state prosecution if "transfer has been requested by the Governor or other executive authority of the State"). We thus reverse the order of the district court directing Dowdle into the custody of the BOP.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-