# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3852

_____

Will Reed, Jr.,      *

       Appellant,      *

v.      *    Appeal from the United States
    *    District Court for the Eastern

Marvin Morrison, Warden, FCI,     *    District of Arkansas.
Forest City, Arkansas,      *

    *         [UNPUBLISHED]

       Appellee.      *

_____

Submitted: August 4, 2000

Filed: August 10, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

Will Reed, Jr., a federal inmate serving a sentence for a firearm conviction, appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition. In his petition,

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

he complained the Federal Bureau of Prisons (BOP) failed to credit against his federal sentence the time he served in Mississippi state custody for an unrelated state drug conviction, because, although physically incarcerated by the state, he was actually in federal custody. His argument rests on the erroneous assumption that when Mississippi released him from prison on an appeal bond (at which point he was immediately arrested by federal authorities for an unrelated offense), the state lost primary jurisdiction over him.

We conclude Mississippi retained jurisdiction over him. Regardless of the state court's intentions when it released him on bond, neither the state prosecutor nor any representative of the state executive branch relinquished jurisdiction. See United States v. Dowdle, No. 99-3895, 2000 WL 868477 (8th Cir. June 30, 2000) (per curiam) (as sovereign that first arrested convict, state had primary jurisdiction which it could elect under doctrine of comity to relinquish to United States, but such discretionary election is executive--not judicial--function; state judge's notation on criminal docket indicating state relinquished custody of convict to BOP was thus ineffective to change convict's status).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.