# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1592

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Anterryo Jermaine Todd, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2007
Filed: April 4, 2008

_____

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Anterryo Jermaine Todd pled guilty to possessing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced Todd to 262 months' imprisonment. Todd now appeals, challenging the sufficiency of the indictment, the district court's compliance with Federal Rule of Criminal Procedure 11 during the plea colloquy, and the reasonableness of his sentence. We affirm.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

I.

On August 3, 2004, officers arrested Todd after finding a loaded 9 millimeter handgun, a loaded .380 caliber handgun, 160.1 grams of marijuana, and drug paraphernalia in Todd's vehicle. A grand jury charged Todd with possession of 160.1 grams of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), "possession" of firearms "during and in relation to" a drug trafficking crime, in violation of to 18 U.S.C. § 924(c)(1)(A), and unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Todd agreed to plead guilty to the second charge, and the government agreed to dismiss the remaining counts. Todd also agreed to cooperate with law enforcement. The government agreed to recommend the statutory minimum term of five years' imprisonment, and to consider the possibility of moving for a reduction in sentence pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e).

The plea agreement between the parties stated that the "maximum penalty" for the violation of § 924(c)(1)(A) was "not less than 5 years imprisonment, $250,000 fine or both and not more than three years of supervised release." (Plea Agr. ¶ 3). At the plea hearing, counsel for the parties stated that although the statute provided for punishment of "not less than 5 years imprisonment," the attorneys believed that the statute limited the punishment to a *maximum* of five years' imprisonment. (Plea Tr. 6). This was important because counsel knew that Todd was likely to qualify as a career offender under the advisory sentencing guidelines, USSG § 4B1.1, and that the recommended sentence under the guidelines was likely to be much more severe than five years' imprisonment. The statutory maximum punishment for a violation of § 924(c), however, included a possible term of life imprisonment. *United States v. Davidson*, 437 F.3d 737, 741 (8th Cir. 2006).

The district court, recognizing that counsel apparently misunderstood the statutory penalties, advised Todd that if he were categorized as a career offender under the guidelines, then the court might have discretion to sentence him to serve "a harsher term than the five years" discussed by counsel. (Plea Tr. 7). After a recess, the court explained that the attorneys and the probation officer had reviewed the sentencing guidelines. The court advised Todd that he and the government had agreed that the government would recommend a sentence of five years' imprisonment, but that the court was not bound by the agreement. The court also made clear that "under the sentencing guidelines, if you do plead guilty to this offense, you will subject yourself to a possible sentencing range that is far in excess of five years." (*Id*. at 10). Todd said that he understood. Todd also averred that he understood the court's advice that he could get a sentence "greater than five years." (*Id*.). The district court did not specify, however, the maximum term of imprisonment authorized by statute, and Todd never requested any clarification on that point. The court advised Todd that his sentence would include a term of supervised release following imprisonment, but the only maximum term specified during the colloquy was a three-year term listed by the prosecutor. The statutory maximum term of supervised release is actually five years. *See* 18 U.S.C. §§ 3559(a)(1), 3583(b)(1).

After the court accepted Todd's guilty plea, the presentence report recommended that Todd be adjudged a career offender under USSG § 4B1.1, and suggested an advisory guidelines range of 262 to 327 months' imprisonment. At one point, the presentence report described the maximum statutory penalty as "not less than five years" imprisonment. (PSR ¶ 49). Elsewhere, however, the report included a summary page entitled, "Sentencing Information," which recounted the "statutory provisions" regarding "custody" as "NLT 5 yrs., NMT Life" – that is, not less than five years' imprisonment, not more than life imprisonment. (PSR, p. 12). The PSR accurately reflected that the maximum term of supervised release was five years. (PSR ¶ 51, p. 12).

At sentencing, the government recommended that the court impose the minimum statutory penalty of five years' imprisonment. The district court, however, determined that a longer term was warranted and elected to sentence Todd in accordance with the advisory guidelines. The court ultimately imposed a term of 262 months' imprisonment, which was the low end of the advisory guidelines range, and included a five-year term of supervised release.

## II.

Todd's first argument on appeal is that count seven of the indictment (the § 924(c) count to which Todd ultimately pled guilty) failed to state a federal offense, and this defect was not waived by his later guilty plea. The indictment charged that Todd "knowingly possessed firearms . . . during and in relation to a drug trafficking crime." The statute, however, applies to any person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm," or to any person who "in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). *See United States v. Gill*, 513 F.3d 836, 850-51 (8th Cir. 2008). The indictment thus conflated the two alternative offenses defined in § 924(c).

We conclude nevertheless that Todd waived his challenge to the indictment by pleading guilty. A guilty plea waives all defects except those that are "jurisdictional." *Camp v. United States*, 587 F.2d 397, 399 (8th Cir. 1978). Although we previously characterized an indictment that fails to state an offense as a "jurisdictional defect," *United States v. Fitzhugh*, 78 F.3d 1326, 1330 (8th Cir. 1996), the Supreme Court clarified more recently that a defective indictment does not deprive a court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 632 (2002). Therefore, Todd's challenge to the indictment does not raise a jurisdictional defect, and so long as his guilty plea was valid, his claim is waived.

Todd argues, however, that his guilty plea was not valid, because the district court failed to comply with Federal Rule of Criminal Procedure 11. He first contends that the district court failed to inform him of "the nature of the charge" to which he was pleading guilty. Fed. R. Crim. Proc. 11(b)(1)(G). Todd asserts that the defective indictment did not set forth the "essential elements" of the offense, and that the court never informed him of the elements of the offense.

At the plea hearing, Todd was not advised of the elements of the offense as stated by the indictment. Rather, the prosecutor recited the elements consistent with language in Todd's plea agreement, which stated: "During and in relation to the commission of [a drug trafficking crime], the defendant knowingly carried and possessed a firearm in furtherance of that crime." This iteration lumped the two offenses of § 924(c)(1)(A) into one sentence. By pleading guilty to the offense described at the plea hearing, Todd admitted both that he carried a firearm during and in relation to the commission of a drug trafficking crime, and that he possessed a firearm in furtherance of a drug trafficking crime. Accordingly, Todd was properly advised of the nature of the charge to which he pled guilty, and the district court did not fail to comply with Rule 11(b)(1)(G).

Todd argues that the district court committed a second, distinct violation of Rule 11 by failing to inform him of the maximum penalties for a violation of 18 U.S.C. § 924(c)(1)(A). *See* Fed. R. Crim. P. 11(b)(1)(H). On this point, we conclude that there was error. The statutory maximum sentence under 18 U.S.C. § 924(c) is life imprisonment. *Davidson*, 437 F.3d at 741. At the plea hearing, the attorneys first described to the maximum statutory penalty as "not less than five years' imprisonment," and suggested that the maximum penalty was five years. The district court recognized that the attorneys were incorrect, and told Todd that his term of imprisonment could be "far in excess of five years," but never advised the defendant that the maximum term of imprisonment was life. The district court also did not inform Todd that the maximum term of supervised release available for a violation of

§ 924(c) was five years. The prosecutor stated at the hearing that the maximum term was three years.[2]

Todd failed to object to these Rule 11 errors in the district court, so he must satisfy the plain-error rule to gain relief. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Before we may set aside a conviction based on a violation of Rule 11, the defendant must show not only a plain error in following the provisions of the rule, but also that the errors affected his substantial rights, and that failure to correct them would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). An error in following the strictures of Rule 11 affects substantial rights only where the defendant shows a reasonable probability that but for the error, he would not have entered a guilty plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

We conclude that Todd has not made the requisite showing that the violations of Rule 11 affected his substantial rights. Although Todd may have begun the plea hearing under the belief that he would be sentenced to a term of five years' imprisonment, the district court made clear at two different points in the hearing that the sentence could be "harsher" than, and "far in excess" of, five years' imprisonment. After the second admonition, the court permitted Todd to confer privately with counsel, and Todd then informed the court that he understood the discussion about

---

[2]Todd also argues that the district court committed plain error when it failed to advise him "the effect of any violation" of his conditions of supervised release. In *United States v. Osment*, 13 F.3d 1240 (8th Cir. 1994), we held that the text of Rule 11 then in effect, which referred to advice about "the effect of any . . . supervised release term," required the district court to inform the defendant of both the maximum term of supervised release and the effect of any revocation of supervised release. *Id.* at 1242-43. The latter requirement was eliminated with the 2002 amendment of Rule 11, which deleted the reference to "the effect" of any term of supervised release. *See United States v. Winland*, 108 F. App'x 897, 897 (5th Cir. 2004) (per curiam) (unpublished).

possible penalties and wished to proceed with the plea hearing. At this point, Todd's counsel had just completed a conference in chambers with the prosecutor, probation officer, and district judge concerning the likely application of the sentencing guidelines. Nonetheless, Todd never raised any question about the precise meaning of a sentence "far in excess" of five years or suggested that any particular tipping point would lead him to forego the guilty plea.

Despite receiving a presentence report stating that the advisory guidelines recommended a sentence of 262 to 327 months, that the statutory maximum term was "N[ot] M[ore] T[han] Life," and that the maximum term of supervised release was five years, (PSR ¶¶ 51, 52, p. 12), Todd neither raised an objection at his sentencing hearing about the Rule 11 colloquy, nor sought to withdraw his guilty plea based on a misunderstanding about the statutory penalties.[3] Even in his brief on appeal, Todd does not assert that he would have proceeded to trial if the plea hearing had fully complied with Rule 11.

By entering into the plea agreement, Todd avoided the possibility of a consecutive sentence for a conviction on either the drug trafficking count or the felon-in-possession count. *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . . ."). He also gained the government's recommendation of a five-year term of imprisonment, (Plea Tr. 9), and opened the possibility of a further reduction based on his cooperation with law enforcement.

---

[3]Todd did ask his counsel to move to withdraw the guilty plea for unspecified reasons, but counsel represented to the court that he saw no "basis in law or fact" for such a motion, and expressed the opinion that filing such a motion would be "unethical" and not in the best interest of his client. (R. Doc. 102). The court permitted counsel to withdraw from representing Todd on that basis. (R. Doc. 103). After new counsel was appointed, Todd never filed a motion to withdraw the guilty plea on any ground.

(Plea Agr. ¶ 5). Under the plain-error rule, we must consider the likelihood that Todd would have relinquished these benefits and stood trial on all three counts charged in the indictment if he had been properly advised of a possible five-year term of supervised release, and precisely advised about the statutory maximum term of imprisonment. We do not believe that Todd has shown a reasonable probability that he would have declined to plead guilty if the district court had said he was subject to a possible term of life imprisonment, rather than a "harsher" term that is "far in excess" of five years' imprisonment, and that he could be subject to five years of supervised release rather than three. The correct information was provided before sentencing, but it was only after the district court imposed a sentence far in excess of five years (as it cautioned was possible), and Todd recognized that his plea agreement did not produce the benefit for which he had hoped, that Todd sought to set aside his guilty plea based on non-compliance with Rule 11. Accordingly, we conclude that relief is not warranted. *See United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) ("Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the plea, and the plain error standard is not met.") (internal quotation and punctuation omitted); *United States v. Sanchez-Cruz*, 392 F.3d 1196, 1200 (10th Cir. 2004), *vacated on other grounds*, 544 U.S. 970 (2005); *United States v. Dixon*, 308 F.3d 229, 235 (3d Cir. 2002).

Todd's final argument is that the district court abused its discretion at sentencing by giving inadequate consideration to the factors set forth at 18 U.S.C. § 3553(a). In particular, he asserts that the record developed by the court makes it "impossible for the appellate court to make a meaningful review of the sentence imposed in this case." (Appellant's Br. 37).

We review the sentence imposed by the district court under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). A district court

commits procedural error if it fails to consider the § 3553(a) factors or fails adequately to explain the chosen sentence. *Id*. at 596-97. A mechanical recitation of the § 3553(a) factors is unnecessary, however, particularly when a judge elects simply to apply the advisory guideline range to a particular case. *See United States v. Otterson*, 506 F.3d 1098, 1100 (8th Cir. 2007). In that situation, a lengthy explanation is not necessarily required, because "[c]ircumstances may well make clear that the judge rests [her] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before [her] is typical." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007).

The district court in this case ultimately chose to apply the advisory guidelines to Todd's case, and gave sufficient reasons to permit meaningful appellate review. The court made clear that it had reviewed the presentence report and listened to all of the arguments presented, including Todd's invocation of various factors under § 3553(a). (S. Tr. 13). The court acknowledged the government's recommendation of a five-year sentence, but expressed concern with the defendant's extensive criminal history, including that he "had so many offenses in a relatively short period of time," and that this was "not even the first time he has had a weapons offense." (*Id*.). The court remarked that "Congress has spoken with respect to guns and drugs, particularly when they're together," and explained to Todd that "[y]ou had guns and drugs together and you have had a long criminal history, which indicates to me that you are not likely to reform if I give you a short sentence." (*Id*.). These comments show that the court considered the seriousness of the offense, the defendant's history, and the need for deterrence and protection of the public – all of which are encompassed within § 3553(a). The record is sufficient to facilitate appellate review, and when reviewed under a deferential abuse-of-discretion standard, the sentence is not substantively unreasonable.

The judgment of the district court is affirmed.

_____