# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3516

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Marvin Hayes,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　*

_____

Submitted: June 12, 2008
Filed: July 31, 2008

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Marvin Hayes was convicted, pursuant to a plea of guilty, of the receipt of one or more firearms while under indictment in violation of 18 U.S.C. § 922(n). The district court[1] sentenced him to 18 months imprisonment. Hayes appeals the sentence. We affirm.

_____

[1] The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

At the time of his arrest by officers of the St. Louis, Missouri Metropolitan Police Department, Hayes was in possession of a .38 caliber handgun and was under a previously filed felony indictment in the Circuit Court of the City of St. Louis for First Degree Robbery and Armed Criminal Action. Hayes's arrest led to additional state charges of: Assault on a Law Enforcement Officer, Armed Criminal Action, Unlawful Use of a Weapon, Resisting-Interfering with Arrest for a Felony, Resisting-Interfering With Arrest-Misdemeanor, Trespassing First Degree, and Possession of a Defaced Firearm, as well as the federal charge which is the subject of this appeal. All of these state charges remained pending at the time of Hayes's federal sentencing.

Following Hayes's arrest and throughout his federal sentencing, Hayes remained in state custody. Since he was first arrested by state authorities, his presence in the United States District Court was secured through a writ of habeas corpus *ad prosequendum*, and following his sentencing, he was returned to state custody. See United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."); United States v. Dowdle, 217 F.3d 610, 611 (8th Cir. 2000) (per curiam) (when the state firsts arrests a defendant it retains primary jurisdiction).

At the sentencing hearing, the district court determined that the Guidelines range in this case is 12 to 18 months. Hayes urged the district court to impose a sentence at the low end of the Guidelines range and he made three additional specific requests: (a) that it order that Hayes's federal sentence commence immediately; (b) that the sentence be ordered to run concurrently with any sentence subsequently imposed in the pending state prosecution; and (c) that the court recommend to the Bureau of Prisons (BOP) that it designate the Missouri Department of Corrections as Hayes's place of imprisonment. The district court denied each request and sentenced Hayes to 18 months in the BOP.

-2-

On appeal, Hayes observes that, as a result of the district court's actions, his federal sentence will run consecutively to any subsequently imposed state sentence. Hayes contends that this was improper because the district court erroneously believed that it lacked the authority to make recommendations to the BOP that the sentence commence immediately and that it run concurrently with the yet-to-be-imposed state sentence. Further, Hayes contends that the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors.

First, we address the section 3553(a) factors argument. On appeal, we review a sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S.___, 128 S. Ct. 586, 591, 594 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Id. at 597. After finding a sentence "procedurally sound" we move to a review for the "substantive reasonableness of the sentence." Id.

Neither the United States nor Hayes objected to the presentence investigation report. Further, Hayes concedes that the sentencing range of 12 to 18 months was properly calculated. While Hayes argues that the district court failed to adequately consider the section 3553(a) factors in its sentencing decision, we have noted that "[a] mechanical recitation of the § 3553(a) factors is unnecessary . . . particularly when a judge elects simply to apply the advisory guideline range to a particular case." United States v. Todd, 521 F.3d 891, 897 (8th Cir. 2008). "Circumstances may well make clear that the judge rests [her] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before [her] is typical." Rita v. United States, 551 U.S.___, 127 S. Ct. 2456, 2468 (2007). Such is the case here. The district court acknowledged its consideration of the presentence report, argument of counsel, and Hayes's statement

to the court. Further, in sentencing Hayes within the Guidelines range the court made a particular note of Hayes's youth, his history, the seriousness and circumstances of the instant offense, and its belief that Hayes will benefit from programs offered by the BOP, all relevant factors enumerated within section 3553(a). Therefore, we conclude that the district court adequately considered the section 3553(a) factors.

Second, Hayes also contends the district court failed to recognize its authority to order Hayes's sentence to commence immediately upon sentencing and to run concurrent with subsequently imposed state sentences. The date on which a federal sentence commences is controlled by statute. Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Id. Here, Hayes, who was "on loan" from the State of Missouri pursuant to a writ of habeas corpus *ad prosequendem* for purposes of his federal prosecution and sentencing, was not committed to the custody of the BOP after his sentencing in the district court but was, instead, returned to state custody. As such, service of his federal sentence did not commence at that time. Cole, 416 F.3d at 897. Only the BOP has the authority to determine when a federal sentence commences. United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); United States v. Wells, 473 F.3d 640, 645 (6th Cir. 2007) (stating that the BOP, not the district judge, will determine when a sentence commences). While nothing prevents the sentencing judge from making recommendations to the BOP, the determination of the commencement date and the designation of the place at which the sentence is to be served remains with the BOP.

Hayes points to the district court's statement at sentencing that "if [the court] were to order Mr. Hayes's sentence [to] start today, that would be contrary to the statute and it would actually be an end [run] around the statute," as expressing its

belief that it lacked the authority to make a recommendation to the BOP with respect to the commencement of Hayes's sentence. We disagree. This accurate statement simply expressed the district court's recognition that the BOP determines when a sentence commences. A review of the entirety of the sentencing hearing establishes that the district court properly understood its authority with respect to this issue and was firm in its intent that Hayes's sentence should not commence immediately but should instead be permitted to run consecutively to any subsequently imposed state sentences. The court did not abuse its discretion in this regard. This intent is summarized by the court's statement that "[Hayes] has not been sentenced in the state court yet, but whatever sentence he gets will be extended by the 18 months here unless the Court decides to run–the state court decides to run its sentence concurrently, which they are free to do."

Similarly, Hayes asserts that the district court misapprehended its authority to recommend that Hayes's federal sentence run concurrent with the yet-to-be-imposed state sentences. We have previously recognized that, in these circumstances, consistent with 18 U.S.C. § 3584(a),[2] a "district court has broad discretion to determine whether a sentence should be consecutive or concurrent . . . ." United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (per curiam). Here, the understanding and intent of the district court was clear as evidenced both by its recognition that after Hayes completes his state sentence, he will begin his 18-month federal sentence, and by the court's statement that "Mr. Hayes can benefit from programs that the Bureau of Prisons offers."

Accordingly, we affirm the judgment of the district court.

---

[2] "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

BYE, Circuit Judge, dissenting.

In my view, the district court committed a significant procedural error by failing to recognize the full extent of its sentencing authority. Therefore, I respectfully dissent.

I

Hayes's attorney recognized Hayes would be subject to consecutive federal and state sentences if the district court did not order the federal sentence be served concurrently with the yet-to-be-imposed state sentences. Accordingly, at sentencing, counsel asked the district court to order the federal sentence run concurrently. In arguments to the court, counsel referenced the statutory authority which allows district courts to impose such concurrent federal sentences. See 18 U.S.C. § 3584(a). The district court, however, mistakenly concluded it lacked authority to impose a federal sentence which runs concurrent to a yet-to-be-imposed state sentence.

In addition, counsel recognized that designating the sentence to run concurrent with the future state sentences was insufficient to ensure Hayes would actually serve concurrent sentences. Counsel was aware Hayes would be returned to state custody after the federal sentencing, and therefore, unless the court recommended the federal sentence commence immediately, it would not matter whether the court designated it as concurrent or consecutive; the federal sentence would not begin running until the state sentence was served and Hayes was turned over to federal authorities. Thus, the district court would have to order a concurrent sentence *and* allow Hayes to serve the federal sentence while in state custody. Accordingly, counsel asked the court to recommend 1) Hayes's federal sentence begin immediately while in state custody awaiting disposition of the state charges, and 2) Hayes be allowed to serve his federal sentence in state prison.

The district court recognized that ordering Hayes's sentence to begin running immediately – while in state custody – would have the same effect as imposing a concurrent sentence. As noted, the court mistakenly believed it did not have the authority to impose a concurrent sentence and denied counsel's request, interpreting it as an attempt to circumvent the limitation on the court's sentencing authority.

The sentencing transcript also demonstrates the district court mistakenly believed it could pass the issue of consecutive versus concurrent sentences onto the state court. In doing so, the district court failed to recognize that if it did not grant counsel's requests, the federal sentence would not begin to run until Hayes completed his state sentences and was released to federal authorities. Accordingly, even if the state court ordered the state sentences to run concurrently with the federal sentence, the federal sentence could not run while Hayes remained in state custody.

II

We review a district court's sentence for an abuse of discretion, giving due deference to the district court's decision. Gall v. United States, 552 U.S.__ , 128 S. Ct. 586, 597 (2007); Rita v. United States, __ U.S. __, 127 S. Ct. 2456, 2465 (2007). First, we determine if the district court committed a significant procedural error, such as miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain why a sentence was chosen. Gall, 128 S.Ct. at 597. If the district court's decision is procedurally sound, we consider the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard. Id.

If a procedural error is identified, the amount of deference owed the district court's sentence will depend on the type of procedural error asserted on appeal. United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008). For example, a district court abuses its discretion if its sentencing decision was based on a clearly erroneous factual

conclusion or an erroneous legal conclusion. Id. (citing United States v. McComb, 519 F.3d 1049, 1052-53 (10th Cir. 2007)). If the procedural error is purely factual, review is highly deferential and the district court only abuses its discretion if its findings are clearly erroneous. Gall, 128 S.Ct. at 597. Conversely, the district court's sentence is owed no deference when the asserted procedural error is purely legal, as, for example, when it misinterprets the Guidelines. Wise, 515 F.3d at 217.

Here the district court misapprehended its sentencing authority by concluding it was prohibited from designating Hayes's federal sentence as concurrent to the yet-to-be-imposed state sentences. In United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001), "we conclude[d] that the authority to impose such a federal sentence to be served consecutively to a yet-to-be-imposed state sentence falls within the broad discretion granted to the court." Mayotte dealt specifically with the authority to impose a consecutive sentence, but the decision was based on the "district court['s] broad discretion to determine whether a sentence should be consecutive or concurrent within the constraints of the relevant statute, 18 U.S.C. § 3584." Id. (internal citation omitted). Thus, the district court had the authority to order a concurrent sentence.

The district court compounded the sentencing error by mistakenly concluding it could leave the concurrent versus consecutive decision to the state court. The state court had no authority to designate the federal sentence as concurrent to the state sentence, and its imposition of a sentence to run concurrent to the federal sentence would have no effect since the federal sentence would not run so long as Hayes remained in state custody. Therefore, no matter how the state court designated the sentences to be served they would effectively be consecutive.

Finally, the district court's refusal to recommend the federal sentence begin running immediately while Hayes was in state custody was grounded in its original misapprehension of its sentencing authority. As a result of these errors, the district court failed to consider the full range of authorized sentencing options when it

sentenced Hayes.  Accordingly, I would vacate the sentence and remand for resentencing.

_____