# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1651

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri. |
| Lance D. Jones, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: August 5, 2011
Filed: August 12, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


In this direct criminal appeal, Lance Jones appeals the sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

We conclude that the district court committed no procedural error in sentencing Jones, and imposed a substantively reasonable sentence.  See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); United States v. Todd, 521 F.3d 891, 897 (8th Cir. 2008) (district court need not mechanically recite 18 U.S.C. § 3553(a) factors, especially when court applies Guidelines range).  Nothing in the record indicates that the district court failed to consider a relevant sentencing factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing ways in which court might abuse its discretion at sentencing).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____