# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1838

_____

United States of America,

        Appellee,

v.

Juan Rodriguez-Gonzalez,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: May 2, 2012
Filed:  May 7, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Juan Rodriguez-Gonzalez pleaded guilty to conspiring to distribute more than 5 kilograms of a cocaine mixture and more than 50 kilograms of a marijuana mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 846; and to unlawfully entering the United States, in violation of 8 U.S.C. § 1325(a)(1). Rodriguez-Gonzalez appeals the district court's[1] sentence of 240 months in prison on the drug count. Counsel has moved to withdraw and submitted a brief under Anders v. California, 386 U.S. 738 (1967).

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Counsel argues that the district court imposed a substantively unreasonable sentence because the court failed to explain adequately its consideration of the 18 U.S.C. § 3553(a) sentencing factors. We disagree. The court was not required to mechanically recite the section 3553(a) factors at sentencing when it sentenced Rodriguez-Gonzalez within the advisory guidelines range and properly commented on relevant factors, here, the circumstances of the offense and the need to avoid undue sentencing disparity. See United States v. Todd, 521 F.3d 891, 897-98 (8th Cir. 2008); 18 U.S.C. § 3553(a)(1), (6). Rodriguez-Gonzalez has not rebutted the presumption that his within-range sentence was not substantively unreasonable. United States v. Garcia, 512 F. 3d 1004, 1006 (8th Cir. 2008)

Rodriguez-Gonzalez has filed a pro se supplemental brief raising additional issues. We have carefully reviewed the brief and attached materials. We reject as without merit the contentions that the government breached the plea agreement at the change-of-plea hearing and knowingly offered false testimony at sentencing, and his challenge to the plea-agreement's waiver of rights under the Freedom of Information Act. To the extent Rodriguez-Gonzalez raises an additional claim of ineffective assistance of counsel, and we will follow our general rule that we do not entertain such claims on direct appeal. See United States v. McAdory, 501 F.3d 868, 872 (8th Cir. 2007).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____