**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4319**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

PATRICK LEE EDWARD TAYLOR,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:09-cr-00785-HMH-7)

Submitted:  October 10, 2013       Decided:  October 21, 2013

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  William Jacob Watkins, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Lee Edward Taylor appeals the twelve-month sentence imposed upon revocation of his supervised release. Taylor's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by revoking Taylor's supervised release and imposing a twelve-month sentence. Although advised of his right to file a pro se supplemental brief, Taylor has not done so.[*] For the reasons that follow, we affirm.

A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2013). In this case, Taylor admitted that he violated the

---

[*] Taylor has filed a letter with this court, questioning the propriety of the district court's rejection of counsel's request for service of the revocation sentence to commence immediately. But, at the time of the revocation hearing, Taylor was in federal court on a writ of habeas corpus ad prosequendum. Accordingly, he was not then in federal custody, nor was he capable of being taken into federal custody, because he was already in state custody. See 18 U.S.C. § 3585(a) (2006) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."). We therefore conclude the district court properly denied Taylor's request. See United States v. Hayes, 535 F.3d 907, 910 (8th Cir. 2008).

2

conditions of supervision. We accordingly find no abuse of discretion in the district court's decision to revoke Taylor's supervised release.

Turning to Taylor's sentence, we will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437–39 (4th Cir. 2006). In making this determination, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, id. at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, based on this review, we decide that the sentence is not unreasonable, we will affirm. Id. at 439.

In the initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion

than when we apply the reasonableness review to post-conviction Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence unreasonable must we decide whether it is "plainly" so. Id. at 657.

Although counsel questions whether there is any error rendering Taylor's sentence plainly unreasonable, she identifies no such error. Indeed, as counsel acknowledges, the district court properly calculated the applicable policy statement range and sentenced Taylor to twelve months' imprisonment, a sentence within the policy statement range and below the statutory maximum. 18 U.S.C.A. § 3583(e)(3); U.S. Sentencing Guidelines Manual § 7B1.4(a) (2009), p.s. Further, our review of the record confirms that there was no sentencing error warranting correction on plain error review. See United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment. This court requires that counsel inform Taylor, in writing, of his right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served

4

on Taylor.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED