NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 17, 2013
Decided December 23, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2165

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 11-cr-120-wmc-01 |
| | |
| JEFFREY J. MATHESON, | William M. Conley, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Jefferey Matheson, who was sentenced to 13 years' imprisonment for distributing child pornography, challenges the validity of his guilty plea, arguing that the district court violated Federal Rule of Criminal Procedure 11(b)(1) at his plea colloquy by overstating the maximum and minimum penalties he faced. However, Mr. Matheson has not shown a reasonable probability that, but for the error, he would have taken his chances at trial. The correct potential penalties were set forth in his plea agreement, noted at his change-of-plea hearing, included in the presentence report, and repeated at his sentencing hearing. And not only was he represented at all stages, but the government's case against him was strong. Therefore, we affirm the judgment.

In December 2010 an undercover agent downloaded nearly 400 pornographic images of children through a peer-to-peer network that originated from Mr. Matheson's computer, which agents seized three months later, discovering additional images. Seven months after the agents seized his computer, Mr. Matheson was indicted on two counts of distributing child pornography using a means of interstate commerce, *see* 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography distributed through a means of interstate commerce, *see* id. at § 2252(a)(4)(B).

Four months later Mr. Matheson agreed to plead guilty to one count of distributing child pornography and, in exchange, the government agreed to drop the remaining charges and recommend a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. Mr. Matheson signed a written plea agreement, acknowledging that the judge could "impose any sentence up to and including the maximum penalties." As set forth in the first paragraph, Mr. Matheson would be subject to a 5-year minimum and 20-year maximum sentence unless he had a prior conviction for a sex crime (not the case here):

> This count charges a violation of 18 U.S.C. § 2552(a)(2) which carries a mandatory minimum penalty of five years in prison and maximum penalties of 20 years in prison . . . . If the defendant has a prior conviction as described in 18 U.S.C. § 2252(b)(1), the penalties related to prison time increase to a mandatory minimum penalty of 15 years in prison and a maximum penalty of 40 years in prison.

Ten days after Mr. Matheson signed the plea agreement, the district court held a change-of-plea hearing. At the beginning of the hearing, the prosecutor stated that Mr. Matheson faced a prison range of 5 to 20 years by pleading guilty, but then, without explaining that his potential penalties could differ based on his criminal history, the prosecutor expressed that a higher penalty range would apply. Likely based on that representation, the judge then overstated the maximum and minimum penalties when he advised Mr. Matheson that he "could be subject to the penalties up to and including the maximum and a mandatory minimum of 15 years in prison, a maximum of 40 years in prison" taking into consideration the guidelines range. Mr. Matheson then entered a guilty plea, which the court accepted.

Mr. Matheson received a copy of his presentence report that described the 5-year minimum and 20-year maximum penalties he faced; he did not object to the report's

contents. And at his sentencing hearing, the court reiterated that the statutory minimum prison sentence was 5 years.

The district court sentenced Mr. Matheson to 156 months' imprisonment, toward the low end of the 151 to 188-month range calculated by the probation officer. The court considered Mr. Matheson's emotional problems (mild depression) and his recent attempts to seek help for his child-pornography addiction but determined that the seriousness and nature of the offense counseled in favor of a weighty sentence. The court considered Mr. Matheson's crime "at the more extreme end of distribution of child pornography," noting that Mr. Matheson had collected and distributed pornography for a long period, preferring sadistic images of prepubescent children, had sexual contact with minors, and fantasized about raping very young girls.

Mr. Matheson appealed, but his appointed appellate counsel concluded that the appeal was frivolous and moved to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). But we determined that Mr. Matheson had identified a non-frivolous issue: whether the court's error in misstating the applicable statutory minimum and maximum sentences affected his substantial rights. We then appointed new counsel to argue Mr. Matheson's appeal on the merits. *United States v. Matheson*, No. 12-2165 (7th Cir. Dec. 21, 2012) (unpublished order).

## Analysis

On appeal Mr. Matheson argues only that he would not have pleaded guilty had the district court not violated Federal Rule of Criminal Procedure 11(b)(1)(H)-(I) during the plea colloquy by misstating the applicable maximum and minimum penalties. Mr. Matheson insists that he would have taken his chances at trial had he known that he faced a 5 to 20-year range because his actual sentence—13 years—looked favorable only in light of the 15 to 40-year range outlined by the court at the plea colloquy.

Mr. Matheson never moved to withdraw his guilty plea; therefore, we review his claim for plain error and will vacate his plea only if the error affected his substantial rights, that is if he can "show a reasonable probability that, but for the error, he would not have entered the plea" given the totality of the circumstances. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Vonn*, 535 U.S. 55, 59, 62–63 (2002); *United States v. Hernandez*, 731 F.3d 666, 670 (7th Cir. 2013).

Contrary to the government's position, the district court violated Rule 11 when it misinformed Mr. Matheson of the applicable range of penalties. *See* FED. R. CRIM. P. 11(1)(H)-(I) (requiring a court to "inform the defendant of . . . any maximum possible penalty . . . [and] any mandatory minimum penalty" before accepting his guilty plea); 18 U.S.C. § 2252(b)(1); *United States v. Hogg,* 723 F.3d 730, 740 (6th Cir. 2013) (finding error when district court overestimated the defendant's potential penalty range should the Fair Sentencing Act apply).

But Mr. Matheson has not shown that he would have gone to trial if it weren't for that Rule 11 error. There is no reasonable probability that Mr. Matheson would have gone to trial but-for the Rule 11 violation because he was accurately informed of the penalty range before sentencing and never objected to it or moved to withdraw his plea. *See United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013); *United States v. Todd*, 521 F.3d 891, 896–97 (8th Cir. 2008); *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005); *United States v. Sanchez-Cruz*, 392 F.3d 1196, 1200 (10th Cir. 2004), vacated on other grounds, 544 U.S. 970 (2005). First, the correct information was included in his plea agreement, which Mr. Matheson signed to acknowledge that he understood its contents. *See Dominguez Benitez,* 542 U.S. at 85; *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). The plea agreement also notes that the higher penalty range invoked by the court at the plea colloquy would apply only if Mr. Matheson had a previous sex offense, and Mr. Matheson would have known that he had no such previous conviction. In addition, the presentence report—to which Mr. Matheson had no objections—accurately reflected the potential penalties. *See Rodriguez*, 725 F.3d at 276; *United States v. Foy*, 617 F.3d 1029, 1034 (8th Cir. 2010); *Todd*, 521 F.3d at 896–97; *Vaval*, 404 F.3d at 152. Finally, the court, before imposing sentence, reminded Mr. Matheson of the proper statutory minimum at the sentencing hearing. *See Rodriguez*, 725 F.3d at 277; *Foy,* 617 F.3d at 1035.

The strength of the government's case also belies Mr. Matheson's assertion that he would have gone to trial if it weren't for the court's Rule 11 error. After all, "a conviction after a guilty plea cannot be described as a miscarriage of justice if the defendant had no defense and was bound to be convicted anyway." *Driver*, 242 F.3d at 771. Mr. Matheson would have had trouble countering the government's evidence at trial, including the images downloaded by an undercover officer originating from Mr. Matheson's computer, the additional images found on his computer, and Mr. Matheson's admission to agents that he used peer-to-peer networks to collect and distribute child pornography. *See Dominguez Benitez*, 542 U.S. at 85 ("When the record made for a guilty plea and sentencing reveals evidence, as this one does, showing both a controlled sale of drugs to an informant and a confession, one can fairly ask a

defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial."); *Rodriguez*, 725 F.3d at 277 (strength of evidence against defendant including recordings, controlled sale to confidential informant, and defendant's post-arrest admissions suggest that defendant would have entered plea notwithstanding any error). And in the face of such a strong government case, there is no reasonable probability that Mr. Matheson would have chosen trial and lost the benefits from his plea bargain, including the dismissal of the remaining charges and the three-level reduction for acceptance of responsibility. *See United States v. Dixon*, 308 F.3d 229, 236 (3d Cir. 2002).

Because Mr. Matheson has not demonstrated that the district court's misstatement of the applicable statutory minimum and maximum penalties affected his substantial rights by inducing him to plead guilty when he otherwise would not have, we AFFIRM the judgment of the district court.