# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3170

_____

United States of America

*Plaintiff - Appellee*

v.

Jimmy Dale Graham

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 7, 2015
Filed: May 12, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jimmy Dale Graham directly appeals the judgment imposed by the district court[1] after he pleaded guilty to a reduced charge of using interstate facilities to

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

transmit information about a minor, in violation of 18 U.S.C. § 2425. In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that Graham's plea was involuntary because he was misinformed about the applicable supervised-release range; and the court violated due process and Federal Rule of Criminal Procedure 11(c)(1) by participating in plea negotiations at the first sentencing hearing.

After careful review, we reject the challenge to Graham's plea, as the record does not establish a reasonable probability that, but for his misunderstanding of the supervised-release range, he would not have pleaded guilty. See Fed. R. Crim. P. 52(a) (error that does not affect substantial rights must be disregarded); United States v. Todd, 521 F.3d 891, 896 (8th Cir. 2008) (Rule 11 error affects substantial rights only where defendant shows reasonable probability that but for error he would not have pleaded guilty). Graham was informed of the correct supervised-release range prior to sentencing and did not move to withdraw his plea, even after new counsel was appointed; he did not assert, in the district court or on appeal, that he would have proceeded to trial if the plea hearing had fully complied with Rule 11; and he received a substantial benefit from the plea bargain in the form of a reduced charge with a much lower sentencing range. See Todd, 521 F.3d at 895-97 (defendant did not show reasonable probability that but for Rule 11 errors he would not have pleaded guilty, as he did not move to withdraw plea in district court when he learned of those errors, and he did not assert on appeal that he would have proceeded to trial if plea hearing had fully complied with Rule 11). Further, the district court's comments at the first sentencing hearing did not constitute impermissible participation in plea negotiations, as the court merely ensured that Graham understood the potential consequences of withdrawing his plea, and the court did not negotiate any terms of the agreement or give an opinion as to the strength of the government's case. See United States v. Thompson, 770 F.3d 689, 695-96 (8th Cir. 2014) (district court's comparison of sentence defendant faced if he went to trial with sentence if he pleaded guilty, standing alone, is not improper participation in plea negotiations). An independent

review of the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues for appeal.

The judgment is affirmed. Counsel's motion to withdraw is granted, subject to counsel informing appellant about the procedures for seeking rehearing from this court and for filing a petition for writ of certiorari.

_____