NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2015
Decided June 10, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3118

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 13 CR 7-1 |
| SHERRI WILSON, *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

## O R D E R

Sherri Wilson robbed two banks in a four-month span, committing the second robbery while out on bond for the first. She pleaded no contest to two counts of bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced below the guidelines range to 36 months' imprisonment. Wilson filed a notice of appeal, but her appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Wilson opposes that motion, *see* CIR. R. 51(b), and also requests substitute counsel. Counsel has submitted a brief that explains the nature of this case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in counsel's brief appears to be thorough, we limit our discussion to the

issues identified in that brief and in Wilson's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In December 2012 Wilson, then 55, robbed a TCF Bank of $282 on Chicago's south side and was arrested a month later. After an initial appearance before a magistrate judge, she was admonished about the terms of bond and released from custody. Wilson later moved to suppress statements that she had made to the FBI, arguing that her thinking at the time had been impaired by her medical conditions (including diabetes) and prescription medicines. But in April 2013, before the motion could be heard, she held up another south-side TCF Bank of $80 and was promptly arrested a block or two away.

After a psychiatric examination Wilson was found competent to proceed, and she agreed to plead "no contest" to a superseding indictment that incorporated both robberies. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (explaining that a defendant who maintains his innocence may nevertheless plead guilty in hopes of obtaining a lighter sentence); *Bey*, 748 F.3d at 775. At sentencing, the district judge acknowledged the irrationality of Wilson's actions in robbing two banks, as well as her past medical and mental health problems (including self-reported suicide attempts), but concluded that the seriousness of the offenses and Wilson's risk of recidivism supported a below-guidelines sentence of 36 months on each count, to run concurrently.

Counsel begins by considering whether Wilson could challenge the voluntariness of her no-contest plea but neglects to say whether he consulted his client about this possibility. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). And Wilson does not say in her Rule 51(b) response whether she has discussed withdrawing her plea with counsel (though she does assert that she is innocent of both bank robberies). These omissions do not require that we deny this *Anders* submission, however, because our review of the record persuades us that the district court substantially complied with Federal Rule of Criminal Procedure 11 when accepting the plea. Wilson did not move to withdraw her plea in the district court, and thus we would review the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The court advised Wilson of her trial rights and the constitutional rights she was waiving by pleading guilty and forgoing a trial, FED. R. CRIM. P. 11(b)(1)(B)–(F), and ensured that she understood the charges against her and the penalties she faced, *id.* 11(b)(1)(G)–(M). The government proffered a factual basis for the plea, which Wilson acknowledged the government could prove at trial. *Id.* 11(b)(3).

As counsel points out, however, the court did neglect to ask Wilson whether the plea "result[ed] from force, threats, or promises," *id.* 11(b)(2), and the record does not reflect the nature of pre-plea discussions that took place between the government and Wilson. But counsel properly concludes that we would not regard the court's oversight as plain error because nothing in the record suggests that Wilson pleaded no contest involuntarily, that she was promised anything in return for her plea, or that anyone used threats or force to induce the plea. Indeed Wilson's own lawyer (who represented her in the district court) states that the court "took careful steps in making its determination regarding defendant's ability to make [an] informed and intelligent decision to plead nolo contendere." Though Wilson asserts in her Rule 51(b) response that counsel told her "over and over" that she would be "going home," the record does not reflect any misunderstandings between Wilson and her attorney about the penalties she faced. She was present when counsel requested that she be placed in a treatment center for her sentence, as opposed to being released on probation. Moreover, she did not seek to withdraw her plea after either hearing this recommendation or being told that she faced a sentence of up to 40 years in prison and a guidelines range of 57 to 71 months' imprisonment. *See United States v. Todd*, 521 F.3d 891, 896–97 (8th Cir. 2008) (omissions in plea colloquy did not affect defendant's substantial rights when he neither objected to them at his sentencing hearing nor sought to withdraw his guilty plea); *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (plain-error standard not met when "defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw" plea).

Counsel also considers whether Wilson could challenge her sentence and properly concludes that such a challenge would be frivolous. Wilson's 36-month sentence is below the low end of her calculated guidelines range. Counsel gives no reason to disregard the presumption that this below-guidelines sentence is reasonable, *see United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and we see none. The district court adequately considered the relevant 18 U.S.C. § 3553(a) factors, including Wilson's personal characteristics (noting her advancing age and serious mental-health and medical conditions, including diabetes and a history of seizures), the need to impose a sentence that reflected the seriousness of the offense (stating that bank robberies are dangerous and frightening for tellers and the public), and the need to protect the public from future crimes committed by Wilson (noting that she committed her second bank robbery while out on bond for the first).

In her Rule 51(b) submission, Wilson raises two issues. First she maintains her innocence, but claims of innocence underlie all *Alford* pleas. When a defendant pleads guilty or no contest but protests her innocence, the trial court ensures that the plea is intelligent by determining that there is a factual basis for the plea, as was done here. *See Alford*, 400 U.S. at 37; *Bey*, 748 F.3d at 775. Wilson also asserts that her counsel is "incompetent and prejudiced." We see no indication of that, but to the extent Wilson wishes to challenge her counsel's ineffectiveness, a challenge on that basis is best left for collateral review, through which a record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

We do note one error by the district court: The written judgment describes her plea as "guilty" rather than "nolo contendere." But this mistake does not require that we deny counsel's motion to withdraw and order briefing. Clerical errors in a written judgment can be fixed at any time on a motion to the district court. *See* FED. R. CRIM. P. 36; *United States v. Anobah*, 734 F.3d 733, 739 (7th Cir. 2013).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED. Wilson's motion for substitution of counsel is DISMISSED as moot.