**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4100**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERRICK LAMONT TAYLOR,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:15-cr-00177-H-1)

Submitted:  October 31, 2016      Decided:  November 14, 2016

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Taylor pleaded guilty to failing to register under the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 (2012). The district court imposed a within-Guidelines 21-month sentence. Taylor appeals, claiming that the district court's failure to acknowledge and apply its discretion to order a sentence concurrent to his state sentence and to set a start date renders his sentence unreasonable. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). This review considers both the procedural and substantive reasonableness of the sentence. Id. In assessing procedural reasonableness, we consider factors such as whether the district court correctly calculated the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the sentence imposed. Id.

If no procedural errors exist, we consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id. The court presumes the reasonableness of sentences within the Guidelines range. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). This "presumption can only be rebutted by showing that the sentence is

unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Assessing procedural reasonableness first, we reject both of Taylor's arguments. The district court did not err by failing to acknowledge its discretion to order concurrent sentences. See United States v. Hayes, 535 F.3d 907, 909-10 (8th Cir. 2008). Moreover, the record reveals that the district court understood its authority to impose concurrent sentences. Nor did the court err by omitting a start date from the judgment. See Hayes, 535 F.3d at 909-10; United States v. Wells, 473 F.3d 640, 645, 650 (6th Cir. 2007).

To the extent Taylor's arguments also touch on the substantive reasonableness of his sentence, we find that, under the totality of the circumstances, Taylor has not overcome the presumption of reasonableness afforded his within-Guidelines sentence. Accordingly, we find that the district court did not abuse its discretion when imposing Taylor's sentence.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3