# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3845

_____

United States of America,       *
       *
      Appellee,       *
       *   Appeal from the United States
   v.       *   District Court for the
       *   Western District of Missouri.
Peter L. Mayotte,       *
       *   [PUBLISHED]
      Appellant.       *

_____

Submitted:  January 17, 2001
Filed:   May 10, 2001

_____

Before HANSEN, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Peter L. Mayotte appeals following imposition of sentence upon his guilty plea to a charge of bank robbery, and revocation of the supervised release he was serving for a prior conviction.  For the reasons discussed below, we affirm both his new and revocation sentences.

## I.

In 1995, Mayotte was convicted in federal court of bank robbery, for which he was sentenced to 37 months of imprisonment and 3 years of supervised release.  While

on supervised release, he committed another bank robbery, robbed a pizza store, and failed to submit a urine sample for drug testing as required by his conditions of release. He was charged in federal court for the bank robbery, and in Missouri state court for the pizza store robbery.  A petition to revoke his supervised release was also filed.

In federal court, Mayotte pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and the district court[1] sentenced him to 40 months of imprisonment and 3 years of supervised release.  The court also revoked his supervised release for the prior bank robbery, sentencing him to 6 months of imprisonment, to be served consecutively to the 40-month sentence "and also consecutive with any state case in which the defendant is currently being held."

Mayotte was subsequently convicted in state court of second-degree robbery for the pizza store robbery, and was sentenced to 5 years of imprisonment.  The state court ordered the sentence to be served concurrently with Mayotte's two federal sentences.

## II.

On appeal, Mayotte first argues that the district court erred in denying him a downward departure based on coercion and his medical condition.  Having reviewed the court's comments at sentencing, we conclude that it was aware of its authority to depart from the Guidelines on the grounds asserted, and in an exercise of its discretion declined to do so, making the matter unreviewable. See United States v. Turechek, 138 F.3d 1226, 1228 (8th Cir. 1998).

Second, Mayotte argues that the district court lacked authority to make his 6-month revocation sentence consecutive to the state sentence he later received for the

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

pizza store robbery, because he had not yet been convicted or sentenced for the state offense at the time of his federal sentencing. This presents a question of first impression in this circuit. Cf. United States v. Robinson, 217 F.3d 560, 566 (8th Cir. 2000) (district court did not unreasonably impose federal sentence consecutively to yet-to-be-imposed state sentence, where defendant had pleaded guilty to state offense--but had not yet received state sentence--at time of federal sentencing; citing U.S.S.G. § 5G1.3(c) without discussing issue presented in instant case).

Those circuits that have addressed the issue disagree whether a district court may impose a federal sentence to be served consecutively to a yet-to-be-imposed state sentence. The Second, Fifth, Tenth, and Eleventh Circuits have concluded that it may, see United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995); United States v. Ballard, 6 F.3d 1502, 1510 (11th Cir. 1993); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.), cert. denied, 500 U.S. 925 (1991); Salley v. United States, 786 F.2d 546, 547-48 (2d Cir. 1986); while the Sixth, Seventh, and Ninth Circuits have concluded that it may not, see Romandine v. United States, 206 F.3d 731, 738-39 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038, 1039-41 (6th Cir. 1998); United States v. Eastman, 758 F.2d 1315, 1317-18 (9th Cir. 1985).

While we are mindful of the concerns discussed by the circuits holding the minority view--deference to the Attorney General's authority under separation-of-powers principles, and to the state court's authority under comity principles--we are persuaded to adopt the majority view. The district court has broad discretion to determine whether a sentence should be consecutive or concurrent, see United States v. Goldman, 228 F.3d 942, 943 (8th Cir. 2000), cert. denied, 121 S. Ct. 1149 (2001), within the constraints of the relevant statute, 18 U.S.C. § 3584.

Neither the statute nor the Guidelines directly address whether the district court may impose a federal sentence to be served consecutively to a yet-to-be-imposed state sentence. They certainly do not prohibit it, however; and suggestive of the contrary,

-3-

the statute encourages consecutive sentences when prison terms are imposed at different times, see 18 U.S.C. § 3584(a), and the Guidelines provide that a supervised-release revocation sentence should be consecutive to a sentence imposed for an offense committed while on supervised release, see U.S.S.G. § 7B1.3, p.s., comment. (n.4). Construing these provisions, we conclude that the authority to impose such a federal sentence to be served consecutively to a yet-to-be-imposed state sentence falls within the broad discretion granted to the court. See Williams, 46 F.3d at 59; Ballard, 6 F.3d at 1506.

In exercising its discretion, the district court must, pursuant to section 3584(b), consider the factors set forth in 18 U.S.C. § 3553(a). See Ballard, 6 F.3d at 1505; Brown, 920 F.2d at 1216-17. Having reviewed the court's comments at sentencing, we are satisfied that it did so.

To the extent that the federal and state sentences conflict--the federal revocation sentence was ordered to be consecutive to the state sentence, but the state sentence was ordered to be concurrent to both the federal bank-robbery and revocation sentences-- the federal sentence controls. See Ballard, 6 F.3d at 1509-10; Salley, 786 F.2d at 548.

III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.