# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1559

_____

United States of America,

      Plaintiff - Appellee,

v.

Martin Taliaferro Sumlin,

      Defendant - Appellant.

\*
\*
\*
\*  Appeal from the United
\*  States District Court
\*  For the Eastern District
\*  of Missouri
\*
\*

_____

Submitted:  September 12, 2002
Filed:  February 3, 2003

_____

Before MORRIS SHEPPARD ARNOLD and SMITH, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOGUE, District Judge.

     Martin T. Sumlin appeals the sentence he received following his guilty plea to three counts of distribution of more than five grams of cocaine base, in violation

_____

[1] The Honorable Andrew W. Bogue, United States Senior District Judge for the District of South Dakota, sitting by designation.

of 21 U.S.C. § 841(a)(1).  Sumlin argues that the district court[2] erred in ordering the federal sentence served consecutive to the four-year term imposed by the state of Missouri.   For the reasons set forth below, we affirm.

On August 3, 1999, in the Circuit Court of Mississippi County, Missouri, Sumlin entered a plea of guilty to the offense  of  possession of a controlled substance.  He was sentenced on March 15, 2000, to a term of imprisonment of four years in the Missouri Department of Corrections.  The execution of the sentence was suspended, and Sumlin was placed on probation for a period of four years.

Sumlin subsequently entered a plea of guilty on November 5, 2001, in the United States District Court for the Eastern District of Missouri, to three counts of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841 (a)(1).  The charges arose from acts committed by Sumlin while he was on probation for the state offense.  Prior to sentencing, the district court provided the parties with the opportunity to address whether the sentence should run consecutive to the state court sentence.  On February 22, 2002, the district court sentenced Sumlin to three 168-month terms of imprisonment, to be served concurrent with one another.  The court also determined that the federal sentences  should be served consecutive to the state imposed sentence.

On appeal, Sumlin first argues that no authority exists under 18 U.S.C. § 3584 to order a sentence concurrent with, or consecutive to, a non-existing, un-imposed, future sentence.  We review questions of statutory interpretation de novo.  United States v. McIntosh, 236 F.3d 968, 972 (8th Cir.), cert. denied, 532 U.S. 1022, 121 S.Ct. 1964, 149 L.Ed.2d 759 (2001).

---

[2] The Honorable Rodney W. Sippel, United States District Court Judge for the Eastern District of Missouri.

2

At the outset, we must note that Sumlin's first argument is factually incorrect. Although Sumlin's probation had not been revoked as of the date of the sentencing by the district court, the state court sentence had in fact been imposed and only the execution of the sentence was suspended. Sumlin's argument that the sentence was "non-existing" or "un-imposed" is therefore inaccurate.

Regardless of the characterization of the state sentence, our holding in United States v. Mayotte, 249 F.3d 797 (8th Cir. 2001), is dispositive of this issue. In Mayotte, we stated:

> Neither the statute nor the Guidelines directly address whether the district court may impose a federal sentence to be served consecutively to a yet-to-be-imposed state sentence. They certainly do not prohibit it, however; and suggestive of the contrary, the statute encourages consecutive sentences when prison terms are imposed at different times, *see* 18 U.S.C. § 3584(a), ...

Id. at 799. We recognize that in Mayotte, we relied upon 18 U.S.C. § 3584(a), U.S.S.G. § 7B1.3, and its corresponding commentary note 4, to determine that the district court has the authority to order a federal sentence to run consecutive to a state sentence which was yet-to-be-imposed. Id. While the applicable guideline in this case is U.S.S.G. § 5G1.3(c) with its corresponding commentary note 6, the commentary notes of the two guideline sections are similar in both content and the guidance they provide. We, therefore, conclude that the holding in Mayotte is applicable to this case. Thus, the authority to impose Sumlin's federal sentences to run consecutive to his state sentence fell within the broad discretion granted to the district court. See id. (citing United States v. Williams, 46 F.3d 57, 59 (10th Cir.), cert. denied, 516 U.S. 826, 116 S.Ct. 92, 133 L.Ed.2d 48 (1995); United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993)).

3

Second, Sumlin argues that the district court's finding of a mandatory requirement for consecutive sentences under U.S.S.G. § 5G1.3(c), constitutes an abuse of discretion under the Guidelines and 18 U.S.C. § 3584. Sumlin contends that a decision based upon § 5G1.3(c) and any interpretation that it requires consecutive sentences, is erroneous.

We review the district court's application of the sentencing guidelines de novo. United States v. Hetherington, 256 F.3d 788, 796 (8th Cir. 2001). The district court, pursuant to 18 U.S.C. § 3584, properly considered the factors outlined in 18 U.S.C. § 3553(a). The court also appropriately examined the relevant policy statements issued by the Sentencing Commission in determining U.S.S.G. § 5G1.3(c) and its corresponding commentary note 6 was applicable to this case. Although it does not appear that the district court found a mandatory requirement of consecutive sentences, such an interpretation of the Guidelines would not be erroneous. We have previously held that note 6 of U.S.S.G. § 5G1.3 mandates consecutive sentences, despite the use of the word "should." See United States v. Smith, 282 F.3d 1045 (8th Cir. 2002). Sumlin's argument is therefore without merit.

Accordingly, the sentence determination by the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4