# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 05-4050

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| David L. Flowers, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————

Submitted: February 15, 2007
Filed: April 26, 2007

————————

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

————————

PER CURIAM.

David L. Flowers pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Flowers to 63 months' imprisonment. Flowers appeals his sentence. We affirm.

On January 1, 2004, Flowers drove to the house of Amanda Reed, his estranged wife, and brandished a rifle at Reed before passing out in his car from alcohol intoxication. Reed called the police, and the police found the rifle in the car and

_____

[1]The Honorable Joseph F. Bataillon, Chief United States District Judge for the District of Nebraska.

determined that Flowers was a convicted felon. The police also discovered that Flowers was on probation for a Missouri state drug-trafficking conviction. Flowers was indicted for being a convicted felon in possession of a firearm, and he subsequently entered a guilty plea to the charge. Flowers was released on bond for the purpose of cooperating with authorities in an ongoing investigation. However, four days after his release, Flowers sexually and physically assaulted Reed and was then taken back into custody.

Before the federal sentencing hearing, Flowers entered an agreement with the State of Missouri to admit violating his state probation in exchange for a state revocation sentence that would be equal to and concurrent with the sentence to be imposed by the federal district court in this matter. At the federal sentencing hearing, Flowers's counsel informed the district court of the agreement between Flowers and the State of Missouri. The district court calculated an advisory sentencing guidelines range of 51 to 63 months based on a total offense level of 17 and a criminal history category of VI. The district court then considered Flowers's conduct while released on bond and stated that since it was "sentencing [Flowers] not only to this [federal] charge, but in effect his [state] violation of parole, it seems to me that it's within my discretion to sentence him to the high end of the sentencing guidelines range . . . ." The district court then sentenced Flowers to 63 months' imprisonment.

Flowers argues that the district court erred by considering his agreement with the State of Missouri concerning his state probation violation sentence in determining his federal sentence. Because Flowers did not raise this argument to the district court, we review the district court's consideration of the agreement between Flowers and the State of Missouri for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Villareal-Amarillas*, 454 F.3d 925, 930 (8th Cir. 2006). Under a plain error review, Flowers must show: "(1) an error; (2) that was plain; (3) that affected his substantial rights; and (4) that, if left uncorrected, would result in a miscarriage of justice." *United States v. Leppa*, 469 F.3d 1206, 1208 (8th Cir. 2006) (citing *United States v.*

*Olano*, 507 U.S. 725, 731-34 (1993)).  In connection with his argument, Flowers suggests that this court reconsider its holding in *United States v. Mayotte*, 249 F.3d 797 (8th Cir. 2001).

Although Flowers discusses *Mayotte* at length in his brief and claims that this court "has already spoken on this issue" in *Mayotte*, *Mayotte* is not directly on point. In *Mayotte*, we held that a district court has broad discretion to determine whether a federal sentence will be served consecutive or concurrent to a yet-to-be-imposed state sentence.  *Mayotte*, 249 F.3d at 799.  Under the holding of *Mayotte*, the district court could have overridden Flowers's agreement with the State of Missouri by imposing a federal sentence to be served consecutive to Flowers's yet-to-be-imposed state sentence.  *Id.*  The district court did not do so here.  Instead, the district court implicitly honored the agreement by not requiring the federal sentence to run consecutive to the state sentence.

We must determine whether the district court erred in considering the agreement between Flowers and the State of Missouri when determining the sentence for Flowers's federal offense.  Our circuit has not specifically addressed this issue of whether a district court may consider an existing agreement between a defendant and a state concerning a state sentence.  However, *Mayotte* holds that district courts have broad discretion in determining whether to impose a consecutive, instead of a concurrent, federal sentence to a yet-to-be-imposed state sentence and that, if the state and federal determinations conflict, the federal sentence controls.  *Id.*  Because district courts have this discretion, it cannot be error for this district court to decide not to impose a consecutive federal sentence and instead choose to consider the agreement between Flowers and the State of Missouri concerning a concurrent, yet-to-be-imposed state sentence, especially when Flowers's counsel informed the district court of the agreement and when the resulting sentence was within the properly calculated advisory guidelines range.  Furthermore, at sentencing, a district court is required to consider "the nature and circumstances of the offense and the history and

characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The agreement between Flowers and the State of Missouri regarding the pending state sentencing was a cognizable part of Flowers's history and characteristics, and we find no error in the district court's consideration of it. Therefore, the district court did not err by considering the agreement between Flowers and the State of Missouri when it sentenced Flowers within the advisory guidelines range.

Flowers also raises the issue of the reasonableness of his sentence. However, he does not provide any additional facts or argument relating to this issue. Therefore, we find that he has abandoned this reasonableness argument. *See* Fed. R. App. P. 28(a)(9)(A); *United States v. Zavala*, 427 F.3d 562, 565 n.1 (8th Cir. 2005). Even if we were to reach the issue, we would find that his sentence is not unreasonable.

Accordingly, we affirm Flowers's sentence.

_____