# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2304

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Plaintiff – Appellee, | * | District Court for the |
| | * | Eastern District of Arkansas |
| v. | * | |
| | * | |
| Marketus Laddarral Lowe, | * | |
| | * | [UNPUBLISHED] |
| Defendant – Appellant. | * | |

_____

Submitted: February 27, 2009
Filed: March 3, 2009

_____

Before MURPHY and SMITH, Circuit Judges, and KAYS,[1] District Judge.

_____

PER CURIAM.

Marketus Laddarral Lowe pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the district court[2] sentenced him to serve 120 months consecutive to a yet to be imposed state sentence. Lowe argues that the district court lacks authority under 18 U.S.C. § 3584(a) to impose a sentence to run

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

consecutive to a yet to be imposed state sentence. He concedes that this argument is contrary to our precedent in United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (per curiam), to the effect that "the authority to impose such a federal sentence . . . falls within the broad discretion granted to the court." Lowe suggests that we revisit our precedent in light of the existing circuit split on this question. Compare id., and United States v. Williams, 46 F.3d 57 (10th Cir. 1995) (§ 3584(a) does not prohibit a district court from imposing a consecutive sentence in these circumstances), and United States v. Ballard, 6 F.3d 1502 (11th Cir. 1993) (rejecting argument that federal court lacks authority to impose a federal sentence to run consecutive to a yet to be imposed state sentence because it would hinder state sentencing discretion), and United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991) (per curiam) (holding that district court "may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings" when exercising discretion to impose consecutive sentence), with United States v. Donoso, 521 F.3d 144, 149 (2d Cir. 2008) (per curiam) (legislative history and terms of § 3584(a) permit imposition of consecutive sentence only where multiple terms imposed at the same time or where defendant is already subject to an undischarged term), and United States v. Quintero, 157 F.3d 1038, 1039–41 (6th Cir. 1998) (same), and United States v. Clayton, 927 F.2d 491, 492 (9th Cir. 1991) (same).

Several days before the scheduled oral argument the government filed an unopposed motion that the appeal be decided without oral argument, stating that the United States now agrees with appellant that a district court lacks authority to structure a federal sentence to run consecutive to one a state court has not yet imposed. With its motion the government submitted a copy of a brief filed by the Solicitor General in opposition to a petition for certiorari in connection with a Fifth Circuit decision, United States v. DeLeon, No. 07-10548, 2008 U.S. App. LEXIS 11593 (5th Cir. May 30, 2008) (per curiam), petition for cert. filed, (U.S. Aug. 27, 2008) (No. 08-6055). The Fifth Circuit is one of the three circuits with a position similar to that in our Mayotte decision. The Solicitor's brief noted that the Supreme

Court has shown little interest in resolving the circuit split and that this sentencing issue has little practical impact because "state courts and the Federal Bureau of Prisons can reach their own decisions about crediting service in another sovereign's correctional system, irrespective of whether 18 U.S.C. 3584(a) authorizes federal district courts to embody such decisions in a judgment of conviction and sentence."

Since the government's change in position was only communicated shortly before the scheduled hearing and it made no substantive argument about the issue before the court and no statement about whether it would seek en banc review of our governing rule, we ordered the parties to appear as scheduled. Appellant's counsel then moved for a continuance of the argument on the basis of an undisclosed illness. We granted that motion, but now upon reflection we agree with the parties that oral argument is not needed in light of the record before the court.

Because Lowe's sentence was consistent with our controlling circuit precedent in Mayotte, we now affirm the judgment of the district court. See United States v. Kent, 531 F.3d 642, 657 (8th Cir. 2008).

_____