**UNITED STATES of America,**
**Plaintiff,**

v.

**Shane PAYTON, Defendant.**

**No. 1:08–CR–00025.**

United States District Court,
S.D. Iowa,
Western Division.

June 4, 2010.

William C. Purdy, Christine M. Shockey, United States Attorney's Office, Des Moines, IA, for Plaintiff.

**NUNC PRO TUNC ORDER**
**REGARDING JUDGMENT**
**IN A CRIMINAL CASE**

ROBERT W. PRATT, Chief Judge.

Before the Court is a Motion to Amend Judgment, filed by Shane Payton ("Defendant") on June 2, 2010. Clerk's No. 65. In his Motion, Defendant requests that the Court clarify its intention in the Judgment by ordering the Bureau of Prisons ("BOP") to run his federal sentence concurrently to a subsequently imposed Nebraska sentence.[1] *Id.* Presently, the Judgment only contains a recommendation to that effect. Clerk's No. 63 at 2. The Government has not filed a response, and the Court believes waiting for the objection period to run is unnecessary.

The issue of whether a district court can order a sentence to run either consecutively or concurrently to a yet-to-be imposed state sentence under 18 U.S.C. § 3584 has sharply divided the courts.[2] Citing federalism concerns, the plain language of the

---

1. On May 15, 2009, the Court sentenced Defendant to 27 months incarceration for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922. Clerk's No. 63.

2. Section 3584 states, in part:

   (a) Imposition of concurrent or consecutive terms. If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the

statute, and its legislative history, the Second, Fourth, Sixth, Seventh, and Ninth Circuits have all held that a district court does not have such a power. *United States v. Donoso,* 521 F.3d 144, 149 (2d Cir.2008) ("In this case, at the first sentencing hearing conducted by the district court, because the state court had not yet imposed any prison term on the then-pending state charge and would not do so until the next day, Donoso was neither sentenced to multiple terms of imprisonment, nor was he subject to an undischarged term of imprisonment. Accordingly, at the time of the first sentencing hearing, § 3584(a) did not apply to Donoso, and the district court did not have the authority to direct that Donoso's federal sentence run consecutively to his state sentence."); *United States v. Smith,* 472 F.3d 222, 225–26 (4th Cir.2006) ("The plain language of [§ 3584(a)] does not grant a district court authority to order that its sentence run consecutively to a future sentence."); *Romandine v. United States,* 206 F.3d 731, 738 (7th Cir.2000) ("We join the circuits that answer 'no,' because § 3584(a) allows the district judge to specify the sequence of service only when sentences are imposed at the same time, or the other sentence is 'an undischarged term of imprisonment' to which the defendant is 'already subject.' "); *United States v. Quintero,* 157 F.3d 1038, 1041 (6th Cir. 1998) ("[T]he District Court erred when it ordered the defendant's sentence to be served consecutively to a yet to be imposed state sentence."); *United States v. Clayton,* 927 F.2d 491, 492 (9th Cir.1991) ("However, the limiting language of section 3584(a), coupled with supporting legislative history, indicates that Congress did not vest federal courts with the authority to impose a federal sentence to run consecutive to a state sentence that has not yet been imposed."). In contrast, citing primarily the intent of the statute and the broad discretion of a district court at sentencing, the Fifth, Eighth, and Eleventh Circuits have held that a district court has the authority to run a federal sentence *consecutively* to a future state sentence. *United States v. Mayotte,* 249 F.3d 797, 799 (8th Cir.2001) ("Neither the statute nor the Guidelines directly address whether the district court may impose a federal sentence to be served consecutively to a yet-to-be-imposed state sentence. They certainly do not prohibit it. . . . Construing these provisions, we conclude that the authority to impose such a federal sentence to be served consecutively to a yet-to-be-imposed state sentence falls within the broad discretion granted to the court."); *United States v. Ballard,* 6 F.3d 1502, 1507–09 (11th Cir.1993) (similar); *United States v. Brown,* 920 F.2d 1212, 1217 (5th Cir.1991) ("All of these sentencing provisions indicate that the discretion exercised by the district court when determining whether to impose concurrent or consecutive sentences may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings."), *abrogated on other grounds by United States v. Candia,* 454 F.3d 468, 472–73 (5th Cir. 2006) (noting changed standard of review). Moreover, while the Eighth Circuit has yet to speak decisively on the issue, its reasoning in *Mayotte* and subsequent jurisprudence indicate that district courts also have the authority to run a federal sentence *concurrently* to a future state sentence.[3] *See United States v. Hayes,*

---

attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

**3.** In an unpublished case, the Eighth Circuit recently stated: "In *Mayotte,* we held that a district court has broad discretion to deter-

535 F.3d 907, 910 (8th Cir.2008) ("Similarly, Hayes asserts that the district court misapprehended its authority to recommend that Hayes's federal sentence run concurrent with the yet-to-be-imposed state sentences. We have previously recognized that, in these circumstances, consistent with 18 U.S.C. § 3584(a), a 'district court has broad discretion to determine whether a sentence should be consecutive or concurrent.'" (quoting *Mayotte,* 249 F.3d at 799)); *Fegans v. United States,* 506 F.3d 1101, 1104 (8th Cir.2007) (assuming the district court had the authority without deciding the issue). Consequently, because the Court is bound to give full effect to Eighth Circuit precedent, the Court concludes that it has authority to run a federal sentence concurrent to a future state sentence that is pending at the time of the federal sentencing.

In this case, the Court stated *recommended* that "Defendant's sentence be run concurrent to the future [Nebraska] state sentence." Clerk's No. 63 at 2. This was in error. The Court intended to *order* that the federal sentence be run concurrently. Accordingly, the Court hereby amends the Judgment in a Criminal Case (Clerk's Nos. 63, 64) to read that Defendant is sentenced to 27 months of incarceration, which *shall be* run concurrently to his subsequently imposed Nebraska state sentence (Docket # 178–362).[4] Defendant's Motion on this

mine whether a federal sentence will be served consecutive or concurrent to a yet-to-be-imposed state sentence." *United States v. Flowers,* 227 Fed.Appx. 526, 527 (8th Cir. 2007) (citing *Mayotte,* 249 F.3d at 799).

4. Defendant also requests that the Court order the BOP to give him credit for time served

matter (Clerk's No. 65) is, thus, GRANTED.

IT IS SO ORDERED.

beginning on September 19, 2008, when he was arrested on the Nebraska offense. Def.'s Mot. ¶ 5. The Court will not do so because the Court has no recollection as to its intent on this issue and because the Court has no authority to make such an order. *See United States v. Wilson,* 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).