# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1674
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Woods

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 7, 2015
Filed: January 8, 2015
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Joshua Woods appeals the district court's[1] denial of the Federal Rule of Criminal Procedure 35(a) motion filed in his criminal case. Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he argues that the district

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

court erred by not granting the motion to "correct" Woods's federal sentence by giving him credit for the time Woods served in state custody on a state parole-violation warrant before being transferred to federal custody. Woods has filed a pro se supplemental brief, in which he argues that the district court should have ordered his federal sentence to run concurrently with his anticipated state parole-revocation sentence.

After careful review, this court affirms because Woods failed to demonstrate that his sentence "resulted from arithmetical, technical, or other clear error." *See* Fed. R. Crim. P. 35(a); *United States v. Sadler*, 234 F.3d 368, 373 (8th Cir. 2000) (de novo review; scope of authority under clear-error subsection of Rule 35 is intended to be very narrow and extend only to those cases in which obvious error or mistake in sentence has occurred). The district court did not err in ordering Woods's sentence to run concurrently with his anticipated sentence for his related state-court offense, and consecutively to his anticipated sentence in his state parole-revocation proceeding. *See* U.S.S.G. § 5G1.3(c), comment. (n.3(C)) (2013) (if defendant was on state parole at time of instant offense, Sentencing Commission recommends that sentence for instant offense be imposed consecutively to sentence imposed for revocation); *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012) (district court has discretion to select whether sentence imposed will run concurrently or consecutively with respect to anticipated state sentence that has not yet been imposed); *cf. United States v. Sumlin*, 317 F.3d 780, 781-82 (8th Cir. 2003) (affirming district court's order that federal sentence run consecutively to anticipated state probation-revocation sentence). An independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues.

Woods's pro se motion to withdraw an argument is granted. Counsel's motion to withdraw is granted, subject to counsel informing appellant of the procedures for filing a petition for rehearing and for certiorari.

The judgment is affirmed.

_____