**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019[*]
Decided March 28, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2769

| | |
|---|---|
| CHRISTOPHER WINTERS, *Petitioner-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-CV-1353 |
| STEVE KALLIS, *Respondent-Appellee*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Christopher Winters, a federal prisoner, filed a petition under 28 U.S.C. § 2241 seeking review of the Federal Bureau of Prisons' decision to deny credit toward his federal sentence for time that he served in state prison. The district court denied the petition, concluding that the BOP did not abuse its discretion in rejecting Winters's request. We agree with the district court and affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In October 1999, Winters was charged in the Northern District of Iowa with conspiring to distribute and possessing with the intent to distribute cocaine base. *See* 21 U.S.C. §§ 841(a)(1), 846. The next month, he was arrested by Illinois authorities and charged with attempted first-degree murder and aggravated battery with a firearm.

Winters was transferred to federal custody in December 1999 for trial. After a jury found Winters guilty on the federal drug charges, the district judge (now circuit judge), Michael J. Melloy, sentenced him to 240 months in prison (later reduced to 76 months under 18 U.S.C. § 3582(c)(2)). At sentencing, Judge Melloy declined to specify whether the sentence should run concurrently or consecutively to any sentence imposed on the pending state charges, remarking: "I think that's a decision for the [state] judge to make, taking into consideration all the facts and circumstances of that offense."

Winters was returned to Illinois custody, and later was convicted of the state charges. The state judge sentenced Winters to 20 years in prison, to be served concurrently with his federal sentence. Winters served his state sentence and then was transferred back to federal custody in October 2016.

Winters then asked the BOP to credit his time in state prison toward his federal sentence. After considering the relevant factors under 18 U.S.C. § 3621(b), the BOP denied Winters's request. It cited the nature of Winters's convictions, his "repetitive criminal conduct," and the federal sentencing court's response to its request for input. Judge Melloy was no longer on the district court, so Judge Linda R. Reade, who had presided over Winters's sentence reduction, gave her opinion. She stated that the sentences should run consecutively because the underlying offenses were not related, and the conduct giving rise to the state conviction "was not taken into account in the sentencing of the instant federal conviction."

Winters filed a petition in federal court under 28 U.S.C. § 2241, arguing that the BOP should have followed the state judge's order that the sentences run concurrently. In his reply brief, Winters added that Judge Melloy had stated he wished to leave that decision up to the state judge. The district court denied the petition, reasoning that a state judge cannot dictate how a federal sentence is served and that Winters had not properly raised, nor supported with evidence, any argument about the sentencing judge's statements. The district court concluded that the BOP's decision was "based on permissible factors," and thus was reasonable.

We review de novo the denial of Winters's § 2241 petition, *see Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011), so we assess the BOP's decision directly for abuse of discretion. *See Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018).

The government argues that Winters waived the lone argument that he raises on appeal: that the BOP improperly denied his request for credit for time served in light of Judge Melloy's statement at sentencing. Winters did not make this argument to the BOP nor in his habeas petition; he mentioned the judge's remark for the first time in his reply brief in the district court. *See, e.g.*, *Ben-Yisrayl v. Neal*, 857 F.3d 745, 747 (7th Cir. 2017). Winters counters that he "could not have added this evidence" to the record earlier because he could not afford the transcript and the district court "finally allowed" him to have it only after denying his petition. Winters contends that, even so, he "informed everyone" of the evidence's existence and therefore preserved the argument.

We need not resolve this dispute, however, for even if Winters did not waive this argument, the BOP did not abuse its discretion in denying Winters's request. It properly considered the relevant factors, including the nature of Winters's offenses, his past criminal conduct, and the sentencing court's intentions, *see* 18 U.S.C. § 3621(b). Because the record was silent on this last factor, the BOP contacted the federal sentencing court for guidance. Judge Reade responded that consecutive sentences were appropriate, and the BOP was well within its discretion to consider her opinion. Although Judge Reade had not sentenced Winters originally, she presided over his sentence reduction and was familiar with the record. And a BOP program statement contemplates the possibility that an assigned judge may offer her opinion when the sentencing judge is unavailable. *See* Federal Bureau of Prisons Program Statement No. 5160.05, at 6 (Jan. 16, 2003).

Pointing to the transcript now in the record, Winters contends that the BOP's assessment of the court's intent is erroneous because Judge Melloy left it up to the state judge to decide whether the sentences should run concurrently. But the transcript does not compel the conclusion that Winters urges. In 2000, Judge Melloy had the authority under Eighth Circuit precedent to order that the sentence run concurrently or consecutively to the state sentence. *See United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001); *see also Setser v. United States*, 566 U.S. 231, 236–37 (2012) (later affirming this principle). Yet he expressly declined to make a recommendation either way. Although deferring to the state court is an acceptable use of judicial discretion, *see United States v. Hoffman*, 847 F.3d 878, 882–83 (7th Cir. 2017), the BOP is not bound by a state judge's decision. As the BOP correctly recognized, a state court has no authority to order that a

federal sentence run concurrently to a state sentence. *See Jake v. Herschberger*, 173 F.3d 1059, 1065–66 (7th Cir. 1999).

For these reasons, the district court's judgment is AFFIRMED.