**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 17, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2693

| | |
|---|---|
| MARTAZZ WILLIAMS, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:18-cv-01552-RLY-TAB |
| WILLIAM HYATTE, | |
| *Respondent-Appellee.* | Richard L. Young, |
| | *Judge.* |

**O R D E R**

Indiana inmate Martazz Williams petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 to contest the discipline he received after being found guilty of possessing a controlled substance. The district court denied the petition, concluding that Williams received due process at his disciplinary proceedings. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In 2017, while incarcerated at Heritage Trail Correctional Facility in Plainfield, Indiana, Williams was charged with possessing a controlled substance in violation of the prison disciplinary code. On the conduct report, the charging officer wrote that, while performing rounds, he came upon three inmates, including Williams, in Unit 7's "two man room." The officer searched the inmates and found a strip of Suboxone (a brand-name opioid) in Williams's sock.

After he was notified of the charge, Williams requested "camera review" of the unit to prove "that nothing was taken from [his] cell." The prison denied his request, explaining, on a pre-hearing screening report, that there were "no camera[s] available." The denial was based at least in part on a statement by Officer Micheala Oberholtzer noting that "[t]here are no cameras located in Unit 7 – upper 4 man room." Oberholtzer later clarified in a declaration that she "meant to say that there are no cameras … in the two man room," adding that "[t]here is no video footage available to be provided."

At the disciplinary hearing, the hearing officer considered staff reports, a statement from Williams, and a photograph of the Suboxone, and found Williams guilty of possessing a controlled substance. The officer sanctioned him by revoking 180 days of earned good-time credits and demoting him to a lower credit-earning class. Williams unsuccessfully appealed the decision to the warden and the state appeal review officer.

Williams then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that the prison violated due process by denying him exculpatory video evidence. He contended that he was entitled to video footage from cameras in either the two-man cell ("the correct incident location") or the unit's 60-bed area (from where a camera could "see inside" the two-man cell). This footage, he maintained, would have "proved that the officer didn't get anything off [of him]." In a reply brief, he also contested the appropriateness of the document that the prison used to pronounce its pre-hearing evidentiary rulings and asked the court to consider "ground four" in his habeas petition: a due-process challenge to the administrative appeal process based on alleged errors on the documents denying his internal appeals.

The district court denied Williams's petition, finding no due-process violation in his disciplinary proceedings. Noting Oberholtzer's declaration, it concluded that Williams was not improperly denied footage of the two-man room because he is not entitled to evidence that does not exist. Further, the court determined, video of the 60-bed area "would not have been exculpatory" because it would have only a "remote possibility" of displaying the entrance to the two-man cell, and thus would be unlikely to show whether the officer removed anything from Williams's body. The court did not

address the arguments flagged in the reply brief, noting that Williams had waived them by raising them for the first time in his reply.

On appeal, Williams challenges the denial of video evidence from cameras in the 60-bed area by introducing a new argument about the evidence's importance. He now urges that this footage would have shown that the officer who wrote the conduct report "never approach[ed] or enter[ed] the [two-man] cell, indicating that the incident never occurred." But this argument impermissibly departs from what he alleged in his habeas petition: that the footage would show the inside of the two-man cell—"where the incident occurred"—to prove that the officer "didn't get anything" off of him. Unlike his appellate brief, Williams's petition did not allege that he never interacted with the officer. Waiver rules apply in the habeas context, *Ben-Yisrayl v. Neal*, 857 F.3d 745, 747 (7th Cir. 2017), and Williams waived this argument by not raising it in his petition.

Williams also contends that the district court erred by failing to consider his remaining arguments—his challenges to the document used to convey the denials of his evidentiary requests and to the administrative appeal process. He maintains that he raised these arguments on page six of his habeas petition—a page that inexplicably was omitted from the scanned version of his petition that appeared on the district court's electronic docket. The record supports Williams's position; the fifth (and final) page of the docketed petition ends mid-sentence, and the signature page is missing.

However, even if the district court erred in finding these two arguments waived, the error was harmless. (We have discretion to reach the merits of a habeas claim that was not first considered by the district court, *see Freeman v. Chandler*, 645 F.3d 863, 868 (7th Cir. 2011), and we do so here.) Regarding the first argument, Williams insists that prison officials violated internal policy by using a pre-hearing report to set forth its reasons for denying his evidentiary requests. But the Constitution does not require that officials justify an evidentiary ruling in the administrative record at all, *see Ponte v. Real*, 471 U.S. 491, 497 (1985); *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002), and a violation of prison policy is a state-law matter and thus cannot provide a basis for federal habeas relief, *see Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). As for the appeals process, Williams complains of two flaws: the deputy warden, not the warden, signed the denial of his first appeal, and the state appeal review officer hand-corrected the printed case number on the denial of his second appeal. But he has not shown how either alleged error violated his due-process rights, *see Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974), or prejudiced him in any way, so this argument fails.

AFFIRMED