

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| ZENO SIMS, | ) | |
| Appellant, | ) | WD84050 |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: October 26, 2021 |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE PATRICK W. CAMPBELL, JUDGE

### BEFORE DIVISION THREE: LISA WHITE HARDWICK, PRESIDING JUDGE,
### GARY D. WITT AND EDWARD R. ARDINI, JR., JUDGES

Zeno Sims appeals from the judgment denying his Rule 24.035 motion after he pleaded guilty to second-degree murder, first-degree assault, and two counts of armed criminal action. He contends the motion court clearly erred in denying him postconviction relief because he established that: (1) the sentencing court exceeded its authority by directing that his state sentence be served consecutively to his federal sentence; and (2) defense counsel was ineffective for failing to inform the sentencing court that the federal district court had the authority to determine whether he must serve his federal sentence and a state sentence, which had yet to be imposed, concurrently or consecutively. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On June 10, 2000, Baron Kelley rear-ended Sims's car in a traffic accident in Kansas City. A verbal altercation between the two men ensued, during which Sims shot and killed Deantreia Ashley and shot Kelley multiple times, wounding him. The State charged him as a prior offender with first-degree murder, two counts of first-degree assault, and three counts of armed criminal action.

Sims entered a guilty plea on July 17, 2001. During the plea hearing, the prosecutor told the court that, pursuant to the parties' plea agreement, the State would reduce the first-degree murder charge to second-degree murder and would dismiss one of the assault counts and one of the armed criminal action counts. The parties also agreed that Sims would receive a total prison sentence of no less than 10 years and no more than 30 years. The court questioned Sims about the agreement, including the possible sentence that he could receive, and he said that he understood. The court accepted Sims's plea and deferred sentencing until a sentencing assessment report could be prepared.

Before Sims was sentenced for those offenses, he entered a guilty plea in the United States District Court for the Western District of Missouri on September 28, 2001, to a charge of distribution of five grams or more of a mixture of a substance containing cocaine base. On December 4, 2001, the federal court sentenced Sims to 235 months in prison for that offense. The federal court ordered that this sentence be served concurrently with the sentence yet to be imposed on Sims's state offenses.

2

On December 28, 2001, the circuit court held a sentencing hearing on Sims's state offenses. Before imposing sentence, the court informed the attorneys that it did not believe that the federal court had the authority to dictate the sentence that the state court could impose. Defense counsel agreed with this statement. The prosecutor further argued that the federal court was "powerless to determine what the final sentencing judge's determination is with respect to concurrent or consecutive sentences." The circuit court sentenced Sims to serve 30 years in prison on each count, with those sentences to run concurrently with each other and consecutively to the sentence imposed on his federal offense.

Sims was delivered to the Federal Bureau of Prisons, which attempted to transfer him to state custody so that he could begin serving the state and federal sentences concurrently. *Sims v. Chester*, 446 Fed. App'x 128, 129 (10th Cir. 2011). Missouri refused to take custody of Sims until he completed his federal sentence, however. *Id*. Sims then filed several unsuccessful petitions for a writ of habeas corpus seeking to be transferred from the Federal Bureau of Prisons to the Missouri Department of Corrections so that he could serve his state sentence concurrently with his federal sentence. *See id*. (listing the petitions that Sims filed in federal court and in an administrative proceeding before the Federal Bureau of Prisons). On March 20, 2013, Sims filed a petition for writ of mandamus in the Missouri Supreme Court asking that the Court direct that his state sentence run concurrently with his federal sentence and that he be awarded credit on his state sentence for any time already served on his federal sentence. The Supreme Court

denied his petition. *See* Casenet entries for *State ex rel. Sims v. Dep't of Corr.*, No. SC93228.

After serving his federal sentence, Sims was delivered to the custody of the Missouri Department of Corrections on September 15, 2018, to begin serving his state sentence. Shortly thereafter, he filed a *pro se* Rule 24.035 motion, which was later amended by appointed counsel. In his amended motion, Sims alleged, *inter alia*, that the circuit court lacked the power to sentence him to serve his state sentence consecutively to his federal sentence because the federal court directed that the sentences run concurrently. Sims also alleged that defense counsel was ineffective for failing to research and present the argument that the federal court's determination that the federal sentence should be served concurrently with the yet-to-be-imposed state sentence was controlling.

An evidentiary hearing was held, during which Sims and defense counsel testified. The motion court subsequently entered its judgment denying Sims's Rule 24.035 motion. Sims appeals.

### STANDARD OF REVIEW

We review the denial of a post-conviction motion for clear error. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake was made. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). We will affirm the motion court's judgment if it is sustainable on any ground supported by the record. *Id*.

4

**ANALYSIS**

In Point I, Sims contends the motion court clearly erred in denying his claim that the circuit court exceeded its authority by directing that his state sentence be served consecutively to his federal sentence. He argues that the federal district court's order that the sentences be served concurrently was binding on the state circuit court.

Both state and federal courts have the authority to decide whether a sentence should run concurrently with or consecutively to a defendant's other sentences. *Mosby v. State*, 236 S.W.3d 670, 679 (Mo. App. 2007); *Setser v. United States*, 566 U.S. 231 (2012). In *Setser*, the United States Supreme Court held that the federal district court's authority includes the discretion to decide whether a federal sentence will run concurrently with or consecutively to a state sentence that has not yet been imposed. 566 U.S. at 244-45. In that case, Setser was on probation for a state drug offense when the state charged him with another drug offense and moved to revoke his probation. *Id*. at 233. A federal grand jury then indicted him on a federal drug offense. *Id*. The district court sentenced Setser first and ordered that his sentence run consecutively to any anticipated state sentence imposed for the probation violation but concurrently with any anticipated state sentence imposed on the new drug charge. *Id*. The state court then sentenced him on both the probation violation and the new drug charge. *Id*. Setser appealed his federal sentence, asserting, in part, that the district court did

5

not have the authority to decide whether a federal sentence should run consecutively or concurrently to an anticipated state sentence. *Id*. at 234.

On appeal to the United States Supreme Court, Setser and the Government argued that, when a state sentence has not been imposed at the time of the district court's sentencing, the authority to run the federal sentence concurrently with or consecutively to the state sentence lies not with the district court but with the Federal Bureau of Prisons after the federal sentence has been imposed. *Id*. at 235. The Supreme Court disagreed, finding that federal sentencing authority lies with the district court, and, pursuant to common law, this authority includes the discretion to decide at the time of the federal sentencing hearing whether a federal sentence should run concurrently with or consecutively to a yet-to-be-imposed state sentence. *Id*. at 235-243.[1]

In so holding, the Court rejected Setser's and the Government's argument that allowing the district court, rather than the Federal Bureau of Prisons, to make the concurrent-vs.-consecutive decision when the district court does not have before it all of the information about the anticipated state sentence would be contrary to principles of federalism. *Id*. at 241. To explain that it is, in fact,

---

[1] The Court in *Setser* found that 18 U.S.C. § 3584(a), which is the federal sentencing statute that "says when concurrent and consecutive sentences may be imposed, and specifies which of those dispositions will be assumed in absence of indication by the sentencing judge," does not cover this situation because "the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence." *Id*. at 234-35. Because nothing in the federal sentencing statutes indicates that Congress "foreclosed the exercise of district courts' sentencing discretion in these circumstances," however, the Court held that the district court retained such discretion under the common law. *Id*. at 236-37.

consistent with principles of federalism, the Court discussed in practical terms how the federal court's and state court's decisions regarding concurrent or consecutive sentences fit together:

> In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for "the administration of its own criminal justice system." [*Oregon v.*] *Ice*, 555 U.S. [160,] 170 [(2009)]. If a prisoner like Setser starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody. And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter. Given this framework, it is always more respectful of the State's sovereignty for the district court to make its decision up front rather than for the Bureau of Prisons to make the decision *after* the state court has acted. That way, the state court has all of the information before it when it acts.

*Id.* (footnote omitted). Thus, while each sovereign has the authority to decide whether its sentence is to run concurrently with or consecutively to the other sovereign's sentence, that decision is not binding on the other sovereign because principles of dual sovereignty require that the sovereign in whose custody the defendant serves the second sentence make the ultimate decision as to whether to give the defendant credit for the time served on the first sentence. *Id.* Accordingly, in the first scenario, "when a defendant serves an initial state sentence and a subsequent a [sic] federal sentence, the federal district court 'decides whether he will receive credit for the time served in state custody.'" *United States v. McIntosh*, 753 F.3d 388, 395 (2d Cir. 2014) (quoting *Setser*, 566

U.S. at 241). In the second scenario, when the defendant serves the federal sentence first, "'the State will decide whether to give the defendant credit against his state sentences without being bound by what the district court . . . said on the matter,' . . . although the district court may, of course, make its views known." *Id*. (quoting *Setser*, 566 U.S. at 241). *Accord United States v. Langham*, 670 Fed. App'x 991, 992 (10th Cir. 2016) (affirming a district court's conclusion that, while it recommended concurrent sentences, it was "powerless to compel the state" to allow the defendant to serve his undischarged state sentence concurrently with his federal sentence, which he was serving first); *Moses v. Ortiz*, No. 18-12380(NLH), 2021 WL 268185, at *3-4 (D.N.J. Jan. 27, 2021) (holding that it could not make a federal sentence run concurrently with a subsequently-served state sentence that was "explicitly ordered by the state court to run consecutively").

The United States Supreme Court's explanation in *Setser* regarding how state sentences and federal sentences fit together in our system of dual sovereignty did not constitute a change in the law on that issue. Moreover, the cases upon which Sims relies for the general proposition that a federal court has the authority to decide that a federal sentence run concurrently with or consecutively with a yet-to-be-imposed state sentence are not in conflict with *Setser*'s discussion of the role dual sovereignty plays in determining how the sentences fit together. *See, e.g., United States v. Herman,* 884 F.3d 705, 707 (7th Cir. 2018); *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008); *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007); *United States v. Mayotte*, 249

8

F.3d 797, 799 (8th Cir. 2001); *Bloomgren v. Belaski*, 948 F.2d 688, 690-91 (10th Cir. 1991); *Still v. Milyard*, 361 Fed. App'x 908, 909-10 (10th Cir. 2010); *Griffin v. Maye*, No. 13-3070-RDR, 2013 WL 3013625 at *3-4 (D. Kan. June 17, 2013); and *United States v. Payton*, 715 F. Supp. 2d 869, (S.D. Iowa 2010). Rather, these cases, decided both before and after *Setser*, acknowledge the district court's authority to make that decision and/or illustrate the first scenario discussed in *Setser*: the federal court's concurrent-vs.-consecutive decision controls when the state sentence is served first. None of these cases specifically address the second scenario discussed in *Setser*, which is the situation here: the state court's concurrent-vs.-consecutive decision controls when the federal sentence is served first.

Sims asserts that, regardless of the order the sentences are served, the Supremacy Clause[2] requires that the federal court's decision on whether to run sentences concurrently or consecutively *always* controls over the state court's decision. To support this assertion, he relies on this statement in *Mayotte*, 249 F.3d at 799: "To the extent that the federal and state sentences conflict[,] . . . the

---

[2] Article VI, clause 2 of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

federal sentence controls." For this proposition, *Mayotte* cited *United States v. Ballard*, 6 F.3d 1502, 1509-10 (11th Cir. 1993), a case in which the court held that the federal court had the authority to order that the federal sentence run consecutively to a yet-to-be-imposed state sentence. Analyzing the issue as one of dual sovereignty like the Supreme Court later did in *Setser*, the court in *Ballard* stated that "[t]he tenet for dual sovereignty purposes is that each sovereign must respect not only the sentencing authority of the other, but also the sentence." *Id.* at 1509. The court noted that "*a concurrent sentence by the state court would encroach on the federal court's sentencing authority* by, in effect, eliminating the federal sentence." *Id.* Because "each sovereign is entitled to have the defendant serve its respective sentence" and "[t]he consecutive sentence imposed by the federal court in this case preserves that prerogative for both sovereigns, while a prospective concurrent sentence would not," the court held that the federal court's decision to run the sentences consecutively controlled. *Id.* at 1510.

*Mayotte* also cited *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986), a case in which the court upheld the federal court's authority to order that a federal sentence run consecutively to an anticipated state sentence where the state sentence was served first, even though the state court had ordered that the sentences run concurrently. *Salley* is simply another case that illustrates the first scenario in *Setser*. Thus, while the courts in *Ballard* and *Salley* ruled that the federal court's decision controlled, it was not because the Supremacy Clause, which was neither discussed nor cited in those cases, required that the federal

10

court's decision regarding concurrent-vs.-consecutive sentences control in *all* situations.[3]  Instead, it was because principles of dual sovereignty required that result under the circumstances of those cases.[4]

Under the circumstances of this case, principles of dual sovereignty require that the state court's decision to run the sentences consecutively controls.  The district court in this case had the authority to decide that Sims's federal sentence should run concurrently to his yet-to-be-imposed state sentence.  *Setser*, 566 U.S. at 241.  The circuit court, as an equal sovereign, also had the authority to decide that the sentences should run consecutively.  Because the federal sentence was served first, the circuit court was not bound by the district court's decision and could deny Sims credit against his state sentence for the time he served in federal custody.  *Id*.  Therefore, the motion court did not clearly err in denying this claim.  Point I is denied.

In Point II, Sims contends the motion court clearly erred in denying his claim that defense counsel was ineffective for failing to inform the circuit court that the district court's decision that the sentences run concurrently was controlling.  As discussed *supra*, principles of dual sovereignty require that the

___

[3] Sims's additional argument, that the federal court's concurrent-vs.-consecutive decision was made pursuant to 18 U.S.C. § 3584(a) and the Supremacy Clause makes that statute and its application binding on the state court, is similarly without merit.  As discussed in footnote 1, *supra*, the Supreme Court in *Setser* specifically found that 18 U.S.C. § 3584(a) does not apply to this situation because "the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence."  *Setser*, 566 U.S. at 234-35.

[4] We recognize that, while *Ballard* analyzed the issue in terms of dual sovereignty, *Salley* did not. Nevertheless, the holding in *Salley* was consistent with principles of dual sovereignty.

circuit court's decision control under these circumstances, so any argument to the contrary by defense counsel would have been non-meritorious. Defense counsel will not be deemed ineffective for failing to make a non-meritorious argument. *See Scott v. State*, 741 S.W.2d 692, 693 (Mo. App. 1987). The motion court did not clearly err in denying this claim. Point II is denied.

### CONCLUSION

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.