In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 17-1423

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSHUA HERMAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 16-CR-61 — **Rudy Lozano**, *Judge*.

_____

ARGUED OCTOBER 30, 2017 — DECIDED MARCH 8, 2018

_____

Before WOOD, *Chief Judge*, and BAUER and EASTERBROOK,
*Circuit Judges*.

WOOD, *Chief Judge*. This case involves the coordination of
sentencing between federal and state courts. The underlying
facts are straightforward. On May 4, 2016, Joshua Herman, a
member of the Latin Dragons gang, visited the home of Jacob
Kirk and Samantha Daniels. At some point during his visit,
Herman asked if he could hold Daniels's handgun, which he
noticed was sticking out of a bright pink case in her purse. As

soon as Daniels obliged, Herman pulled out a second gun, pointed both weapons at Daniels and Kirk, ordered them not to move, and then fled the house with the guns. Daniels and Kirk chased him outside, whereupon Herman turned around and shot at them. He then hopped into a getaway car and sped off.

Herman was arrested for his crime and pleaded guilty to being a felon in possession of a firearm. See 18 U.S.C. § 922(g). Among other sentencing adjustments, the district court imposed a two-level enhancement in his offense level for the use of physical restraint, U.S.S.G. § 2B3.1(b)(4)(B), on the theory that Herman "restrained" the victims when he pointed the guns at them and ordered them to stay put. Herman was ultimately sentenced to 120 months in prison, which was both the bottom of his guidelines range and the statutory maximum.

At the time of his federal sentencing, Herman was (and still is) awaiting sentencing on an unrelated state charge for misdemeanor theft in Indiana. That charge carries a maximum penalty of one year in prison. Ind. Code § 35-50-3-2. Herman asked the district court to order that his federal sentence run concurrently with his state sentence. The court responded that it did not object to this request but said it could not "control what the [Indiana state court] will do."

On appeal, Herman raises two challenges to his sentence. First, he argues that the district court failed to recognize its own discretion when it said that it could not require Herman's federal sentence to run concurrently with his state sentence. Second, he argues—for the first time—that pointing a gun at someone and telling her not to move does not count as "physically restraining" her under U.S.S.G. § 2B3.1(b)(4)(B).

Because we conclude that Herman is entitled to be resentenced based on his first argument, we need not consider his second.

Federal district courts are empowered to order that a federal sentence run concurrently with a state sentence not yet imposed. *Setser v. United States*, 566 U.S. 231, 234–35 (2012). Such an order is binding on the Bureau of Prisons, which implements that directive by designating the state prison as the place of imprisonment for the federal crime for whatever time is necessary in order to carry out the sentencing judge's order. A district court need not exercise its discretion under *Setser*, but its failure to acknowledge that the discretion exists is a mistake of law, which we evaluate *de novo*. *United States v. Lewis*, 842 F.3d 467, 474 (7th Cir. 2016). Remand is appropriate if there is error, and it is not harmless. *Id*.

Here, the district court overlooked the fact that it possessed the power to impose concurrent sentences. Its written judgment provides only that the court "does not object for [the] state case sentence … to run concurrent to the time imposed by this court." The district court also remarked that it "can't control what the state will do." Herman argues—and the government concedes—that these comments show that the district court failed to acknowledge its ability to order the Bureau of Prisons to execute a concurrent sentence. We, too, read them this way.

The government nonetheless argues that the district court's error was harmless because "there is no reasonable probability" that the State of Indiana will pursue a charge on a minor theft case while Herman is serving out his sentence in federal custody. We do not know why it can be so sure of that. It may be correct as a statistical matter, but we are not in

the habit of evaluating federal district courts' sentencing de-
cisions based on probabilistic assumptions about what a state
court—over which we have no control—will or will not do.
The government's argument also ignores the fact that the
pending state sentence may negatively affect Herman's pris-
oner classification and designation, as well as the calculation
of his release date. Particularly, the latter impact is difficult to
brush off as inconsequential.

For these reasons, the sentence imposed by the district
court is VACATED and REMANDED for further proceedings con-
sistent with this opinion. On remand, the district court should
consider Herman's argument that the physical restraint en-
hancement does not apply to him, as well as any other argu-
ments not resolved in this appeal.