In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 21-2356

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THOMAS R. OLSEM,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 20-cr-49 — **William M. Conley**, *Judge.*

_____

ARGUED MAY 27, 2022 — DECIDED JUNE 28, 2022

_____

Before ST. EVE, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Appellant Thomas Olsem pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court deferred to the state court on whether anticipated sentences in Olsem's unrelated, pending state charges would run concurrently with or consecutively to Olsem's federal sentence. Olsem claims this omission constitutes procedural error.

Because Olsem's appeal runs headlong into our precedent in
*United States v. Herman*, 884 F.3d 705 (7th Cir. 2018), we affirm
the sentence of the district court.

## I. Background

During the early months of Spring 2020, Wisconsin law
enforcement discovered large quantities of methampheta-
mine and firearms at appellant Thomas Olsem's house. Fed-
eral prosecutors subsequently indicted Olsem, a convicted
felon, on one count of being a felon in possession of a firearm,
in violation of 18 U.S.C. § 922(g)(1). Olsem pled guilty and
proceeded to sentencing.

The Probation Office filed an initial presentence investiga-
tion report ("Initial PSR") on June 1, 2021. Relevant to the pre-
sent appeal, the Initial PSR identified two pending Wisconsin
state charges against Olsem: a February 2020 arrest for do-
mestic battery and abuse of Olsem's then-girlfriend and a De-
cember 2020 arrest for strangulation, suffocation, and domes-
tic battery of his then-girlfriend and another man. Probation
specifically noted the district court's discretion under *Setser v.
United States*, 566 U.S. 231 (2012) to determine whether Ol-
sem's federal sentence would run consecutively to or concur-
rently with any pending Wisconsin state sentence. Although
Olsem submitted objections to the Initial PSR, he did not ex-
press a position on the issue of consecutive or concurrent sen-
tencing.

In response to Olsem's objections, Probation submitted a
revised PSR ("Revised PSR") and a sentencing recommenda-
tion on June 17, 2021. Like the Initial PSR, both the Revised
PSR and the sentencing recommendation noted Olsem's
pending state charges and the district court's discretion under

*Setser*. Probation calculated Olsem's total offense level as 27 and his criminal history category as II, which yielded a Guidelines range of 78 to 97 months' imprisonment. Olsem submitted a sentencing memorandum on July 7, 2021, but, again, declined to touch upon the consecutive or concurrent nature of his federal and state sentences.

The district court sentenced Olsem on July 9, 2021. After analyzing the 18 U.S.C. § 3553(a) factors, the district court imposed a within-Guidelines sentence of 84 months' imprisonment followed by 3 years' supervised release. As to the relationship between Olsem's federal sentence and his pending state charges, the district court observed:

> [T]he defendant, while in primary federal custody, has pending charges in Polk County, Wisconsin …. Under the United States Supreme Court's ruling in *Setser*, I have the discretion to impose a sentence that will run concurrently with or consecutively to any other sentence. I will stand silent on the pending state cases, believing that the state court judge in that case is in the best position to decide if an incremental punishment is appropriate in light of the sentence I impose today. If the state court judge does not expressly impose concurrent state sentences, his term of imprisonment shall run consecutively.

At no point during sentencing did Olsem address the district court's *Setser* discretion or express a preference for consecutive or concurrent sentences.

## II. Discussion

Olsem presents a single issue for appeal: whether the district court erred by deferring to the state court whether his

pending state sentences would run consecutively to or con-currently with his federal sentence. Typically, whether a sen-tencing court acknowledged its discretion under *Setser* pre-sents a question of law which we evaluate de novo. *United States v. Herman*, 884 F.3d 705, 707 (7th Cir. 2018). Here, how-ever, Olsem forfeited this basis for appeal by failing to present it to the district court. Probation flagged *Setser*—and the dis-trict court's authority to decide whether Olsem's federal sen-tence would run consecutively to or concurrently with any sentence in his pending state charges—at least two separate times prior to sentencing. Moreover, at sentencing, the district court itself acknowledged *Setser* and the relationship between Olsem's federal sentence and pending state charges. Despite ample notice and opportunity to object, Olsem failed to stake a position on consecutive or concurrent sentencing prior to filing his appeal.

Consequently, we review Olsem's forfeited argument for plain error. *United States v. Teague*, 8 F.4th 611, 614 (7th Cir. 2021). To succeed on plain error, Olsem must identify (1) an error; (2) that is "clear or obvious, rather than subject to rea-sonable dispute;" which (3) affected the outcome of his sen-tence; and (4) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also Teague*, 8 F.4th at 614–15. The district court did not err, plainly or otherwise, in de-clining to exercise its discretion under *Setser*.

In *Setser*, the Supreme Court held district courts have the discretion to order federal sentences to run consecutively to or concurrently with anticipated state sentences. *Setser*, 566 U.S. at 234, 244–45. A sentencing court's failure to recognize its discretion under *Setser* would constitute an error. *Herman*,

884 F.3d at 707. That is plainly not the case here, though. At sentencing, the district court explicitly acknowledged "[u]nder the United States Supreme Court's ruling in *Setser*, I have the discretion to impose a sentence that will run concurrently with or consecutively to any other sentence."

Contrary to Olsem's suggestion, *Setser* does not obligate sentencing courts to exercise this discretion. Indeed, in dicta, *Setser* directs sentencing courts to "exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently," particularly where the district court has "inadequate information" to make a judicious decision, in which case it "may forbear." *Setser*, 566 U.S. at 242 n.6. We have twice reiterated a sentencing court's discretion under *Setser* includes the discretion *not* to decide the relationship between an imposed federal and anticipated state sentence. *See Herman*, 884 F.3d at 707 ("A district court need not exercise its discretion under *Setser*."); *United States v. Hoffman*, 847 F.3d 878, 882–83 (7th Cir. 2017) (upholding a sentence where the district court declined to determine whether it would run concurrently with or consecutively to a pending state sentence). Forbearance is especially appropriate where a district court believes a state court will enjoy the benefit of additional, relevant sentencing information, placing it in a superior position to determine whether a consecutive or concurrent sentence is warranted. *Hoffman*, 847 F.3d at 882–83; *see also United States v. Lacy*, 813 F.3d 654, 658 (7th Cir. 2016). That was precisely the situation facing the sentencing court in Olsem's case. The district judge expressly premised his decision to abstain from exercising his *Setser* discretion because he determined "the state court judge … is in the best position to decide if an incremental punishment is appropriate in light of the sentence I impose today."

Olsem claims the sentencing court functionally precluded his federal sentence from running concurrently with his state sentence. The district court provided, "[i]f the state court judge does not expressly impose concurrent state sentences, [Olsem's] term of imprisonment shall run consecutively." In Olsem's view, even if the state court ordered concurrent sentences, the Federal Bureau of Prisons would nonetheless treat these as undischarged sentences, negatively impacting his inmate custody classification and qualification for home detention. Merits aside, these collateral consequences do not amount to legal error in the district court's exercise of its *Setser* discretion. The appropriate time for Olsem to raise these concerns was before the district court at sentencing, not for the first time on appeal.

### III. Conclusion

For the foregoing reasons, we AFFIRM the sentence of the district court.